### Long *et ux. vs.* Bullard.

[In this case JACKSON, Chief Justice, being disqualified, Judge TOMPKINS, of the Eastern Circuit, presided in his stead.]

1. A bill in equity was filed to subject certain homestead property to a lien against it, created by the advance of money in 1872, to pay off a mortgage lien held against it before the constitution of 1868. A verdict and decree were rendered for the complainants, and the defendants filed a motion for new trial on numerous grounds, and a new trial was granted on one of the grounds. The complainant excepted, and brought the case up on bill of exceptions, and this court affirmed the judgment on the motion for new trial, unless the complainant would write off a certain specified sum from the verdict. This was done in conformity with the direction of this court, and, upon the verdict so amended, a new decree was entered up substantially like the first one, except as to the amount written off. To this last decree the defendant assigned error, and filed a bill of exceptions :

*Held,* that the granting of the new trial, upon one of the various grounds, was, in legal effect, a denial of the motion on all the other grounds, and such a judgment as from which the defendants might have taken a bill of exceptions directly to this court, and had all the law points settled.[*]

2. That the affirming of the judgment below by this court upon the terms therein stated, was likewise a decision against the defendants upon all the points involved in the motion for new trial, except the one held in their favor by the court below.

3. The same questions in the same case between the same parties, as

[*] Compare *Singleton vs. S. W. R. R.* (Feb. Term, 1883,) and 46 *Ga.*, 303; 48 *Ib.*, 187; 54 *Ib.*, 174.—(REP.)

are now made upon the exceptions to the last decree, having been passed upon when this case was up before, this court will not again investigate or rule upon them.

October 31, 1882.

Judgments.  Practice in Superior Court.  Practice in Supreme Court.  Before Judge SIMMONS.  Bibb Superior Court.  April Term, 1882.

Reported in the decision.

LYON & GRESHAM; S. H. JEMISON, for plaintiffs in error.

LANIER & ANDERSON, for defendants.

TOMPKINS, Judge.

On the 14th day of April, 1868, Francis M. Long executed a mortgage to the Ocmulgee Building and Loan Association, of Macon, Georgia, upon certain lots of land in that city, as a security for the payment of a sum of money due by Long to the association.  In 1872, this mortgage had been foreclosed and *fieri facias* issued.  In December, 1869, a homestead was set apart, at the instance of the wife of Long, upon the land so mortgaged to the Loan Association.  On the 11th of November, 1872, Long and wife, by approval of the ordinary of Bibb county, made a deed to Daniel Bullard, to secure the loan of about $1,000.00.  Of this sum, by agreement between the parties, $700.00 went to pay the mortgage debt of the loan association.  Long and wife remained in possession of the homestead land.

On the 29th of May, 1873, Long was adjudicated a voluntary bankrupt, and on the 15th of April, 1874, he received his final discharge from the United States District Court.  Bullard's debt (which he did not prove in bankruptcy), as well as the land, were embraced in the schedule filed by Long in the bankrupt court, and the

land duly set apart to Long as a homestead by the assignee.

Long and wife failed to pay the debt due Bullard for the money loaned them, part of which was used for lifting the lien of the loan association from the homestead ; and on the 9th of February, 1877, Bullard filed his bill against them to subject the land to the payment of the whole debt. At the trial in January, 1881, the jury found a verdict for $1,000.40 principal, $820.03 for interest at 10 per cent., $200.00 for attorney's fees, as provided by the deed from Long and wife to Bullard, and costs; and further found, that the land be sold to pay these amounts. Upon motion of Long and wife for a new trial, upon seventeen grounds, the court below granted the motion upon the sole ground that " the money not paid the building and loan association. and . the attorneys, should not, by a judgment of foreclosure, be enforced as against the homestead of Mrs. Long." To this judgment a bill of exceptions was taken by Bullard, and at the hearing in this court, the granting of the new trial was affirmed, unless Bullard would write off from the verdict three hundred dollars. A judgment and decree were entered up in conformity with this decision, and that sum, with interest upon it at 10 per cent. per annum, was written off from the verdict. No opinion *in extenso* has yet been furnished the reporter, but the head notes are as follows :

"1. A deed made as part of a usurious contract, though void as title, may yet in equity be treated as a mortgage, and the lien enforced, for amount legally due, no question as to registry, or any intervening equity, being involved.

"2. Where money was loaned ostensibly for the purpose of removing an incumbrance on a homestead, and the question was, whether the lender had notice that a part of the loan was diverted to another and different purpose, and on the trial the only evidence to the point was, the borrower testified that he told the lender what he wanted with the money, and how much, and that the lender replied he did

not care for that, 'all he wanted was his papers fixed like he wanted them'; and the lender testified that the money was to pay the incumbrance, and 'other part of it for something else'; such lender is charged with notice, and cannot enforce against the homestead so much of the loan as was thus diverted. And a verdict finding the contrary was properly set aside on motion.

Judgment affirmed on terms."

Thus, when this case was before heard by this court, it was in effect held:

First. That the deed to Bullard by Long and wife, was a good equitable mortgage, and could be foreclosed as such.

Second. That the bankruptcy of Long released him from the debt due to Bullard, except for so much of it as went to cancel the incumbrance held against the homestead.

Third. That the setting apart the land to Long as a homestead by the bankrupt court did not relieve it from the lien to which it was subject by the state laws.

Fourth. That neither Long nor his wife were due anything to Bullard by general judgment, Long having been discharged in bankruptcy, and his wife having had no right to become a surety.

Fifth. That the true amount due by Long and wife to Bullard, and which was a lien upon the land, was the seven hundred dollars advanced to pay off the mortgage *fi. fa.* of the loan association, with interest upon that amount at 10 per cent., two hundred dollars attorney's fees and costs. The attorney's fees and the 10 per cent. were provided for by the deed from Long and wife to Bullard, of 11th November, 1872, and approved by the ordinary, and appear to have been considered by the court as a valid lien against the homestead, because they were necessary expenses contingent upon and incident to the obtaining of the money from Bullard to pay off the *fi. fa.* held by the loan association.

This judgment having been duly certified to the supe-

rior court, a decree was taken in conformity therewith by Bullard on 27th of April, 1882, fixing the amount to be recovered out of the homestead land. To this decree Long and wife excepted upon five grounds. These exceptions being filed, the court, on the same day, granted another and supplemental decree of substantially the same import. To this last decree counsel for Long and wife also assigned error upon five other grounds, substantially as follows :

(1.) Because the decree charges the land with the payment of two hundred dollars attorney's fees.

(2.) To so much of the decree as charges the land with 10 per cent. per annum as interest upon the seven hundred dollars principal.

(3.) To so much of the decree as directs that the excess of the proceeds of the sale of said property, if any, shall be paid over by the sheriff to Long and wife for another homestead.

(4.) F. M. Long for himself excepted to so much of the decree as directs that the amount found due shall be made by sale of the land set apart to him as a homestead by the United States Bankrupt Court.

(5.) And to so much of the decree as charges the property of Long in violation of §5119 of the Revised Statutes of the United States, the property having been set apart to him as homestead under the laws of the U. S. as administered in the court of bankruptcy.

It is to be borne in mind that the case came before this court at first upon exceptions by Bullard to the grant of the new trial asked for by Long and wife, upon the verdict of the jury and decree of court made thereupon on 1st of February, 1881. This decree gave to Bullard substantially the same relief as does the decree of 27th of April, 1882, except as to the three hundred dollars ordered written off from the judgment by this court. The motion for new trial made by Long and wife embraced seventeen grounds, and among them were grounds which distinctly

brought in issue the legal question involved in the excep-
tions now before this court, of Long and wife to the decrees
of 27th of April, 1882.   Every vital point now sought to
have passed upon by this court by Long and wife, was
made in the motion for new trial.   The court below, as
has been noticed, granted the new trial upon one ground
only.   Such judgment of the court below was, in legal con-
templation, an overruling of the motion on all the other
grounds taken.   *Price et al. vs. Lathrop et al.*, 66 *Ga.*, 545.
And, the case being brought to this court by Bullard, the
plaintiff below, the defendants, Long and wife, could have
tendered and had certified another bill of exceptions to
the ruling against them ; for if the motion had been de-
cided, as they contended it should have been, on all the
points made in-their motion for a new trial, it would have
ended the cause in their favor.   Thus, this court, as well
as the court below, have in effect ruled upon all the legal
questions now again sought to have passed upon by this
court on the exception to the last decrees, and have ruled
adversely to Long and wife, upon the federal question
alleged to be involved in the case.   The failure of plain-
tiffs in error to bring these questions directly before the
court at the former hearing, by tendering a bill of excep-
tion, as above indicated, precludes them from any adjudi-
cation upon such points now.   Whether such failure pre-
vents them from having a hearing upon them before the
Supreme Court of the United States, we are neither called
upon nor authorized to decide.

A more serious question may arise as to the right of the
plaintiffs in error now to appeal this cause to the Su-
preme Federal Court, if it be considered that the previous
judgment of this court affirming, upon terms, the ruling
of the court below, was then a judgment adverse to Long
and wife on the very points now pressed for a decision·
These observations are made in virtue of the statement
of counsel that it was the intention to appeal this case.

The judgment of this court, when the case was before

heard, was that of a full bench, and between the same parties in the same case, and the rulings then made can not be re-investigated or set aside. The writer of this opinion, however, is more than doubtful of the entire correctness of all the issues passed upon, and believes that a more critical consideration of the very important question then before the court may have resulted in a change of the decision. It would sum, for instance, that the largest amount for which the homestead could have been made liable, was the sum of money, with legal interest, that it took to cancel the incumbrance upon it. If a contract between the parties could add to the plain provisions of the law, and increase the amount to be paid for the lifting of the lien upon the homestead by attorney's fees and an advance of interest, then just as well might a contract swell such lien ten-fold, by stipulations for commissions for advancing the necessary funds to free the homestead. And the same doubt is expressed as to the question of the right of the court of bankruptcy to set aside the land as a homestead to Bullard, even against the lien created by the advance of money to pay off the mortgage *fi. fa.* of the loan association. But these questions can receive no further or other judgment at the hands of this court than was accorded them when the case was up before.

Judgment affirmed.