## BELL *v.* FELT.

1. The rule requiring the assignment of error to show what answer was expected, the materiality of the excluded evidence, and that the judge was informed thereof at the time of the ruling, does not apply to the examination of hostile witnesses, or to pertinent questions on cross-examination, where the party making the inquiry can not be expected to know what the witness would testify.

2. The judge rightly sustained the certiorari, and properly granted a new trial generally ; nor was the same restricted to a grant on special grounds by subsequent recitals in the bill of exceptions.

Argued January 23, — Decided February 13, 1904.

Possessory warrant. Before Judge Spence. Worth superior court. July 22, 1903.

The evidence is conflicting, but, taking that excluded and admitted most favorably for the prevailing party, it appears that Felt was agent for the Indiana Fruit Company, and as such sold a pair of mules to Bell; that some time afterwards Bell desired to exchange the same for a pair of gray mules belonging to the company ; that Felt expressed himself as willing to make the exchange if the bay mules were in as good condition as when they were sold, and, having to be absent, notified Arnold, overseer and agent of the company, to examine the bay mules, and, if they were as when sold, receive them in exchange for the grays ; that a day or two later Bell brought the bays to the company's farm, when the agent declined to receive them, because one was badly injured; that thereupon Bell urged the agent to let him have the grays, as he was greatly in need of them, promising to see Bell on his return, and if he did not make it all right, Arnold could come and get the grays. The agent complied with this request, and on Felt's return he disapproved of what had been done, and told Arnold to go and get the mules. On the same day, and shortly thereafter, Arnold, the agent of the company, took the bay mule to the wagon of Bell, in which the grays were hitched, and told the driver that he had come after the mules. The driver said nothing. The

mules were unhitched and carried off, the bay being tied to a tree near the wagon. During the same day Bell sued out a possessory warrant. On the trial the judge refused to allow any question to be asked of Bell as to the circumstances under which he obtained the mules from the agent of the company, or as to the terms of the exchange, or as to whether it would not be subject to Felt's approval, or, if Felt did not approve the exchange, Arnold might come and get them. He also excluded questions addressed to Arnold of the same character. It does not appear what the answers of either witness would have been to the questions asked, though the counsel stated that the purpose of the questions addressed to Bell was to show substantially what is above indicated; that Arnold had notified Bell of Felt's dissatisfaction with the exchange, and he had got possession of the mules after this conversation, in pursuance of the agreement, and without fraud or violence; and that Arnold had the consent of the plaintiff to take the mules as he did. The sheriff testified that he seized the mules at the Indiana Fruit Company's farm, under the possessory warrant; that the defendant was manager for the company, and that Arnold, the overseer, was in charge at the time the warrant was served. One witness testified that he had heard the defendant say that he had the mules. The defendant testified that he never owned or claimed the mules; that whatever possession he had before or since the issuance of the warrant was for the company; that he had instructed Arnold not to exchange them unless the bays were all right; that Arnold was overseer, and had no authority so far as selling or swapping was concerned; and when he learned of the exchange he immediately instructed Arnold to go and get the gray mules back. Arnold was not allowed to testify as to the circumstances under which the exchange was made, but did swear that he used no fraud or violence.

The justice found in favor of the plaintiff. Felt's certiorari was sustained and a new trial awarded generally, on July 22, 1903. In the bill of exceptions, dated August 20, 1903, and served on August 24, 1903, it was recited that the order granting a new trial was based solely on the justice's refusing to allow Felt and Arnold to answer questions relating to the terms and conditions on which the exchange was made; and the plaintiff in error contends that, as it does not appear what would have been

the answers to these questions, no error was shown in the petition for certiorari, and the grant of the new trial was error, and should be reversed even though this was the first grant of a new trial.

*Claude Payton* and *Samuel S. Bennet,* for plaintiff.
*Perry & Tipton,* for defendant.

LAMAR, J. (after stating the foregoing facts.) The assignment of error on the judge's refusal to permit Arnold, a witness for the defendant, to answer the questions propounded can not be considered, because it nowhere appears what his testimony would have been, nor whether the same would have been material or helpful. But this objection does not cover the assignment of error on the court's refusal to permit Felt's counsel to propound certain appropriate questions to Bell, the opposite party. The rule requiring a statement as to what the answer would have been does not apply to those asked of a hostile witness, or to inquiries on cross-examination where counsel is sifting a witness, laying the foundation for other evidence, or seeking to discover material facts indicated by the question, and where the attorney does not know, or can not be expected to know, what the witness would testify. The assignment of error, therefore, in the present case is well within the exception stated in *Griffin* v. *Henderson,* 117 *Ga.* 383. In fact the petition for certiorari complies fully with the spirit of the rule, and states not only the purpose of the question, but what the defendant expected to prove by his adversary. The evidence thus sought was material, tending as it did to show that Bell had agreed that if Felt did not approve of the exchange Arnold might come and get the mules, thus establishing as a fact that they had been taken in pursuance of a condition which made the subsequent act of Arnold lawful instead of unlawful, there being in fact no force or violence by Arnold in taking the mules. He made a claim — hardly a demand — for their possession, and that was immediately acceded to by the driver. Indeed it appears that Bell in the first instance got possession of the mules by reason of the fact that the Indiana Fruit Company's agent exceeded his authority in making the exchange. According to Bell's contention, Arnold in like manner, without fraud or violence, got possession because the driver voluntarily acceded to Arnold's request.

The judge of the superior court rightly granted a new trial generally. The statement in the bill of exceptions that he did so because of the exclusion of certain testimony does not modify the unrestricted terms of the order. Felt had no cause to complain of the judgment as entered. He did not know of the recital in the bill of exceptions for the thirty days in which he was allowed to except, nor indeed until after the time within which he could have presented a bill of exceptions. The case is not, therefore, as argued by the plaintiff in error, similar to the grant of a new trial on one ground, which is in legal effect a denial of all others. *Long* v. *Bullard*, 69 *Ga.* 678; *Singleton* v. *S. W. R. R.*, 70 *Ga.* 465. In those cases the order on its face showed the single ground on which the new trial was granted. Here the judgment is general. It is claimed that it was restricted by the subsequent recital in the bill of exceptions. This could not be done. The case therefore is within the well-established rule that this court will not interfere with the first grant of a new trial in a justice's court, where it does not appear that the law and facts required a judgment in favor of the plaintiff below. Civil Code, § 5585.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*