25664. CROWLEY *v.* LANE DRUG STORES INCORPORATED *et al.*

STEPHENS, J. 1. Where ice cream is furnished in a frozen condition in a metal container by the manufacturer to a retail dealer who sells ice cream in small quantities to customers for immediate consumption, and where the dealer keeps the container with the ice cream in it in a refrigerator and thereby preserves it in its frozen condition until it is served by the dealer to the dealer's customers, and where the dealer in serving the ice cream in small quantities to its customers scoops it from the container, and where, between the time the ice cream is received from the manufacturer and the time it is served to the customers of the retail dealer, the dealer keeps the container covered except when necessary to remove the top for the purpose of serving small quantities of the ice cream to the dealer's customers, and where a small quantity of the ice cream which is removed by the dealer from the container by a scoop and served to the customer is, when removed from the container and served to the customer, in a hard frozen condition, and when this quantity of ice cream is delivered to the customer a piece of glass is imbedded in the hard frozen ice cream, and the presence of the glass can not be accounted for between the delivery of the ice cream by the manufacturer to the dealer and its being served by the dealer to the customer, the inference is authorized that the glass was in the ice cream when it was delivered by the manufacturer to the dealer, and that its presence was due to the failure of the manufacturer to exercise the required degree of diligence and care in the manufacture and preparation of the ice cream.

2. A retail dealer who dispenses ice cream to his customers by removing it in small quantities from the container in which the ice cream was furnished to the dealer by the manufacturer, and the servant of the dealer who actually serves and dispenses the ice cream by removing it from the container to be delivered to the customer, owe a duty to the customer to exercise ordinary care to see that the ice cream so furnished is free from harmful and deleterious foreign matter. This is true notwithstanding the ice cream when furnished by the dealer to the customer contained glass which may have been in the container as a

result of the negligence of the manufacturer. The inference is nevertheless authorized that the dealer and his servant, in serving the ice cream with glass in it to the customer, were guilty of negligence in so doing.

3. In a suit by the customer against the manufacturer, the dealer, and the servant of the dealer, to recover damages for injuries alleged to have been received by the plaintiff when consuming ice cream with glass in it, which had been served to him as a customer of the dealer, where the evidence was as above indicated, a verdict for the plaintiff against the three defendants would have been authorized. The court erred in awarding a nonsuit as to the three defendants.

*Judgment reversed. Sutton and Guerry, JJ., concur. Jenkins, P. J., disqualified.*

DECIDED NOVEMBER 24, 1936. REHEARING DENIED DECEMBER 12, 1936.

*Hewlett & Dennis,* for plaintiff.

*Jones, Powers & Williams, Neely, Marshall & Greene, W. Neal Baird, Edgar A. Neely Jr.,* for defendants.