## 27404. CURTISS CANDY COMPANY *v.* JOHNSON.

STEPHENS, P. J. 1. Evidence that a food product, such as candy, which the manufacturer encloses in a wrapper and puts on the market for sale by retail dealers, in its manufacture went through elaborate processes, under the supervision of numerous people, calculated to exclude the presence in the product, as finally manufactured and prepared, of deleterious and foreign substances, however conclusive therefrom as a matter of fact it might appear that such foreign and deleterious substances could not get into the product, does not demand the inference as a matter of law that the manufacturer exercised due care in the manufacture of the product as respects the presence of foreign and deleterious substances therein, where there is evidence that in the manufactured product, while it was in the hands of a dealer, there was found a foreign substance such as glass embedded in such a manner as to authorize the inference that it was placed in the product before its manufacture was completed.

2. In a suit against an alleged manufacturer of a candy bar known as "Baby Ruth," by a person who alleges that he bought from a retail dealer a bar of the candy, which was manufactured and put out by the defendant, and that when he undertook to eat the candy he found embedded therein particles of glass which he swallowed to his physical detriment, where evidence as above indicated was adduced on the trial, the jury was authorized to find that the defendant was negligent in permitting in the candy bought by the plaintiff the deleterious foreign matter alleged. The evidence did not demand a finding that the defendant in the manufacture of the candy exercised due care. The evidence supported the verdict for the plaintiff.

3. The only grounds of error insisted upon by the defendant in the petition for certiorari being that the verdict for the plaintiff was without evidence to support it and contrary to law, and there being no merit in this ground, the judge of the superior court did not err in dismissing the certiorari.

4. It not appearing to the satisfaction of this court that the bill of exceptions was brought to this court for the purpose of delay only,

the motion of the defendant in error to assess damages for delay is denied.　　　*Judgment affirmed. Sutton and Felton, JJ., concur.*

DECIDED JULY 6, 1939.

*E. W. White, Clarence H. Calhoun,* for plaintiff in error.
*A. G. Liles, Wheeler & Kenyon, Charles J. Thurmond,* contra.