## 29085. WHITE v. EXECUTIVE COMMITTEE OF THE BAPTIST CONVENTION.

DECIDED SEPTEMBER 24, 1941.

*Ellis McClelland, T. J. Lewis,* for plaintiff.
*Bryan, Middlebrooks & Carter,* for defendant.

MacIntyre, J.   Mrs. R. E. White sued the Executive Committee of the Baptist Convention, a corporation which operates the Georgia. Baptist Hospital in Atlanta, and alleged that on March 1, 1939, she, as a patient of the hospital, sustained certain personal injuries because of the negligence of the defendant's agents.   The petition alleged that the plaintiff went to the hospital for the purpose of giving birth to a child; that she was carried to the delivery room and given "twilight sleep," and while in the delivery room of the hospital and while under the effects of a certain named drug and while unconscious the attendants, agents, servants, and employees, whose names are unknown to plaintiff, knowing of her condition, negligently permitted her head to strike against some hard substance which is unknown to plaintiff and receive certain described injuries.   The plaintiff introduced her circumstantial evidence, and on motion of the defendant the court granted a nonsuit.   The plaintiff excepted.

The testimony of the physician who was the plaintiff's doctor during the childbirth was that the plaintiff had been in the delivery room perhaps fifteen minutes before he got there.   He further testified:   "As to whether I know what happened in that room before I got in there—there was nothing that could happen.   I don't know what happened, but I am sure that nothing happened."   With reference to the two or three knots or sores on the head of the plaintiff, and her sore arms and the headaches, for which the plaintiff sought damages, he testified that the knots were not the result of an injury; that to be from an injury there must be a clot under the scalp.   He testified that he treated the knots, and that they secreted a material which is found in an eczema, "which can come from some infection; and sometimes they just come without any provocation."   He said that in his opinion the trouble he found on her head was an eczema.   He further testified:   "A woman who has given birth to a child often has one or both arms sore. That is because we always have handles there for them to pull on." He also said that a majority of women who have given birth to children have headaches, and that while he was in the delivery room with the plaintiff she did not fall off the delivery table or bump her head in any way.   Mrs. Garrison, the mother of the plaintiff, testified she was with the plaintiff from the time she was taken from the delivery room on Wednesday until Thursday evening, and that

she did not fall off the bed while she was present or butt her head against anything. Mrs. A. T. Jackson, sister of the plaintiff, testified that she was with the plaintiff from the time she relieved Mrs. Garrison Thursday evening until the plaintiff regained consciousness, and she did not fall off the bed or bump her head on anything.

"The doctrine of res ipsa loquitur 'is simply a rule of circumstantial evidence which permits an inference to be drawn from proved facts.'" *Armour & Co.* v. *Gulley,* supra. We do not think the doctrine of res ipsa loquitur, as contended by the plaintiff, is applicable to the facts of this case, and consequently proof that three knots arose on the head of a patient after she became and during the time she was an inmate in the hospital for childbirth, that she was unconscious a part of the time, that she suffered a severe pain in her head after the birth of the child, and that she temporarily partially lost the use of her arm, would not, without more, establish the fact that the hospital was negligent in allowing the patient's head to strike something, such as a part of the bed, or the floor. Especially is this so where the plaintiff's physician gave it as his professional opinion that the knots were the result of eczema; that among other things the fluid that came out of the knots was not such as would have come from them had they been caused by a blow, and that they were not the result of a blow or any injury; that the headaches complained of frequently followed childbirth, and in his opinion were not the result of a blow; and that the arm trouble was common in childbirth cases and was not the result of any injury. The circumstantial evidence rule in civil cases is that "When the party upon whom the burden of an issue rests seeks to carry it, not by direct proof, but by inferences, he has not, in this reasonable sense, submitted any evidence for a jury's decision, until the circumstances he places in proof tend in some proximate degree to establish the conclusion he claims; and for this, the facts shown must not only reasonably support that conclusion, but also render less probable all inconsistent conclusions." *Georgia Ry. & El. Co.* v. *Harris,* supra. Applying this rule to the facts of the instant case, we do not think that, admitting the circumstances proved and all reasonable deductions therefrom, the plaintiff showed any negligent conduct on the part of the defendant as alleged in the petition. The grant of a nonsuit was proper.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*