## MILLER, next friend, etc. *v.* GERBER PRODUCTS COMPANY.

No. 17229. OCTOBER 10, 1950. REHEARING DENIED NOVEMBER 15, 1950.

*Sam F. Lowe Jr.,* and *David A. Heuett,* for plaintiff.

*John P. Stewart,* for defendant.

ALMAND, Justice. Wanda Beth Miller, a minor 11 months old, through her father as next friend, sued Gerbert Products Company, a corporation, for damages. On the trial of the case, after the plaintiff and the defendant had introduced their testimony, the court, on motion of the defendant, directed a verdict in favor of the defendant. By a direct bill of exceptions the case was appealed to the Court of Appeals. Error was assigned on the direction of a verdict by the court, as well as on the verdict directed in favor of the defendant, it being contended that there

were issues of fact which should have been submitted to the jury. The Court of Appeals, sitting as a body, was equally divided as to the judgment (Sutton, C.J., MacIntyre, P.J., and Worrill, J., being for affirmance, and Felton, Gardner, and Townsend, JJ., being for reversal) ; and ordered the case transferred to this court under the provisions of art. 6, sec. 2, pars. 4 and 8 of the Constitution of 1945 (Ga. Code, Ann. Supp., §§ 2-3704, 2-3708). The case is now before this court pursuant to that order of transfer.

The plaintiff's action was based on the alleged negligence of the defendant in processing, packing, and placing on the market for sale and distribution through a retail store, a certain baby food, to wit, strained peas, which the defendants put up in a sealed glass jar, in that, after her mother had purchased a jar of the peas from a retail dealer, and while the plaintiff was being fed some of the peas from the original container by her mother, the baby got a piece of glass triangular in shape, about ¾ by ¾ by ⅝ inch in her mouth, which was alleged to have been in the peas, and was injured thereby. In its answer the defendant denied liability, or that it was negligent as charged. It was admitted by the defendant that the jar of peas purchased by the plaintiff's mother was processed, packed, and distributed by it to the retail dealer.

The sole question for determination is whether there was sufficient evidence to raise an issue of negligence for consideration by the jury. The plaintiff's mother testified: On the same day she bought the jar of strained peas, while feeding the baby in the kitchen, she took the jar and removed the metal cap and put the jar in a bottle warmer. After warming the jar she removed it from the warmer and tested its heat by sticking her finger in the jar, and began to feed the plaintiff with a spoon. After feeding her about one-half of the peas, she noticed a peculiar expression on the baby's face, and after giving her another spoonful the baby began to choke and gag. She called to her husband, and at first he was unable to find anything in the baby's mouth, and on a second inspection the husband found in the back of her mouth a jagged piece of glass. No injury was found in her throat from the glass, but she was upset, and it was hard to get her to eat. No chip of glass, or crack, was found in the jar that contained the peas.

The plaintiff's father testified that he was with his wife when the jar of peas was purchased, and with other groceries he carried the jar to his home; and that the jar was in the same condition when he arrived at his home that it was when it was bought. He testified as to finding the glass in the plaintiff's mouth, and the piece of glass described above, together with the metal cap, was introduced in evidence.

The plant manager, in charge of packing its glass jars of strained peas, testified in detail as to how the defendant processed and packed peas. In substance, his testimony showed that the defendant, in preparing its strained peas for distribution and sale, by reason of its processing and packing and inspection, used a high degree of diligence and care in seeing that no foreign ingredient such as a piece of glass got into any of its jars of strained peas.

Counsel for the plaintiff contends that, there being evidence that the piece of glass was found in the baby's mouth while she was being fed from the glass jar, this is direct evidence that the piece of glass came from the jar containing the peas, and raised an inference that the defendant had not used ordinary care in the preparation of this food, and was sufficient to carry the case to the jury for their application of the doctrine of res ipsa loquitur. We cannot agree with this contention. All the evidence as to where the piece of glass came from, and how it got into the baby's mouth, was circumstantial. There is no direct evidence that the mother or father saw the glass in the jar, or any other circumstances, such as other pieces of glass in the jar, or that the glass jar was cracked, or that the piece of glass came from the jar containing the peas being fed the plaintiff. There is no evidence as to whether the baby had been eating other food, or what the baby had been doing just prior to being fed, so as to foreclose the possibility of her having placed the glass in her mouth prior to the time of her being fed the peas. For a jury to apply the doctrine of res ipsa loquitur in this case, they would have to draw two inferences: first, that the piece of glass found in the plaintiff's mouth came from the peas being fed to her by her mother; and second, that the glass was in the jar at the time the mother bought the jar of peas. Under the provisions of Code § 38-123 (which in substance states the doctrine of res ipsa lo-

quitur), before the jury could arrive at the ultimate fact by inference of the existence of other facts, the facts inferred must be reasonably and logically consequent upon *proven facts*. In other words, the jury cannot assume the ultimate fact merely from other facts which are based upon an inference rather than upon proof. As was held in *Georgia Railway & Electric Co.* v. *Harris*, 1 *Ga. App* 714(3) (57 S. E. 1076), "Ordinarily it is a rule of circumstantial proof that the facts from which the main fact is to be inferred must be proved by direct evidence. An inference resting only upon an inference is not permissible." The doctrine of res ipsa loquitur, when applicable, should be applied with caution, and should be drawn by the jury only in extreme cases. *Palmer Brick Co.* v. *Chenall*, 119 *Ga.* 837 (47 S. E. 329); *White* v. *Executive Committee of the Baptist Convention*, 65 *Ga. App.* 841 (16 S. E. 2d, 605). Where there is any intervention of an intermediary cause which produces or could produce the injury complained of, the doctrine of res ipsa loquitur is not applicable. *Floyd* v. *Swift & Co.*, 59 *Ga. App.* 154 (200 S. E. 531); *Armour & Co.* v. *Gulley*, 61 *Ga. App.* 414 (6 S. E. 2d, 165); *H. J. Heinz Co.* v. *Fortson*, 62 *Ga. App.* 130 (8 S. E. 2d, 443); *Advanced Refrigeration* v. *United Motors Service*, 71 *Ga. App.* 576 (31 S. E. 2d, 605). The Court of Appeals, in *Armour & Co.* v. *Gulley*, supra (1), held as follows: "The doctrine of res ipsa loquitur 'is simply a rule of circumstantial evidence which permits an inference to be drawn from proved facts.' When 'the thing itself speaks,' or 'the obvious is self-evident,' the obvious must be clearly seen, and what is spoken must be plain. If two images appear, or the statement spoken is ambiguous, before a legal verdict can be predicated thereon the conclusions claimed must more clearly appear or be understood than any other or inconsistent theory." Where the inference of negligence is dependent upon circumstantial evidence, and direct unambiguous testimony shows that the defendant was without negligence, a verdict for the plaintiff is unauthorized. *Emory University* v. *Bliss*, 35 *Ga. App.* 752 (134 S. E. 637); *Methvin* v. *McLendon*, 47 *Ga. App.* 710 (171 S. E. 305). The case of *Hathaway* v. East Tenn., V. & G. R. R., 29 Fed. 489, clearly states the rule as to when the issue of negligence should go to a jury: "The question whether or not negligence existed is generally a question for the

jury. It has been held that the case should always go to the jury (1) when the facts which, if true, would constitute evidence of negligence, are controverted; (2) where such facts are not controverted, but where there might be a fair difference whether the inference of negligence should be drawn; (3) when at the same time the facts are in dispute, and the inferences to be drawn from them are doubtful. In other words, the question of negligence is for the jury when there is substantial doubt as to the facts, or as to the inferences to be drawn from them. When, however, it is assumed that the evidence which is favorable to the plaintiff is true, and no fair inference that the defendant had been guilty of a failure of duty could be drawn from such evidence, the judge should, according to the practice of the court, decide the case by peremptory instructions to the jury." In the case under consideration, the circumstantial evidence on behalf of the plaintiff as to the source of the piece of glass is not a sufficient basis from which a fair inference could be drawn that the defendant was negligent in processing, packing, and distributing the glass jar of food.

The cases relied on (*Crowley* v. *Lane Drug Stores Inc.*, 54 *Ga. App.* 859, 189 S. E. 380; *Curtiss Candy Co.* v. *Johnson*, 60 *Ga. App.* 268, 3 S. E. 2d, 776), as supporting the plaintiff's contention in this case, are distinguishable from the case under consideration, for the reason that in those cases there was direct evidence that the glass was in the candy bar and the frozen ice cream at the time these food products were delivered to the consumer by the dealer. From such direct evidence, the jury were authorized to infer that the manufacturers of the candy and the ice cream had failed to exercise ordinary care in the manufacture of their products.

The evidence being insufficient to authorize the jury to find that the plaintiff's injury was caused by any negligent act of the defendant, it was not error to direct a verdict in favor of the defendant.

*Judgment affirmed. All the Justices concur, except Atkinson, P.J., who dissents.*