39384. BAILEY v. F. W. WOOLWORTH, INC.

DECIDED JUNE 15, 1962—REHEARING DENIED July 6, 1962.

*Robert J. Duffy, John W. Hendrix,* for plaintiff in error.

*Bouhan, Lawrence, Williams, Levy & McAlpin, Frank W. Seiler, Kirk McAlpin,* contra.

BELL, Judge. ■ Extracts from the plaintiff's deposition which appear in the record reveal that the plaintiff ordered, at the defendant's lunch counter, apple pie, ice cream and coffee; that as she ate the last piece of crust, and swallowed the last of the coffee together, she had a sensation of having a spasm in her throat and tried to cough; that she immediately went to the ladies' room with blood squirting through her hand and the napkin she was holding to her mouth; that she was cut and choking; that she was taken to the public health hospital but the two doctors on duty there could not find anything in her throat; that she went to the Central of Georgia Hospital where the doctor made X-rays and looked in her throat; that she still had a cutting in her throat; that the doctor stated that if glass was present it would not show up on the X-ray; that she stayed in the hospital, was helped upstairs by a nurse; and when she was preparing to go to bed she vomited up a good bit of glass.

Following this detailed testimony of several pages recounting her various examinations by numerous doctors, the deposition contains this language: "Q. Did they ever find the thing that was in your throat? A. I haven't seen anything. Q. To your

knowledge you don't know if there was anything? A. No.
Q. Do you know of anyone who has ever seen it? A. No."

The answer to the first quoted question, whether the doctors found anything in her throat, did not contradict her testimony as to swallowing the glass and subsequently vomiting it up. The doctors did not find it, and her own testimony indicates that no one was present when she vomited it. The answer to the third question did not contradict other testimony. The answer to the second question could be found by the jury to be that she had not seen anything "they found."

The evidence contained in the plaintiff's deposition was not uncertain or contradictory and shows a substantial issue as to a material fact to be determined which had to be submitted to the jury. *Code Ann.* § 110-1203.

■ There remains to be considered whether the record reveals any evidence from which the jury might find the defendant was negligent. The plaintiff here detected an obstruction in her throat after eating, which, under her version of the occurrence, was either in the last bite of pie or in the coffee. Her positive testimony shows that this detection was done by the use of one of her five senses, namely, the sense of touch. Something was in her throat and choking her. Prior to this the plaintiff had been sitting at the counter for a time sufficient to consume ice cream, pie and coffee. Certainly, common sense tells us, and a jury might so find, that she could not have done this with an obstruction already present in her throat. From the evidence that the plaintiff detected an obstruction in her throat immediately after consuming the pie and coffee and that she later vomited glass, the jury could find that the glass was in the pie or coffee and that it was not in her throat prior to her consumption of these foods. Since the plaintiff did not see the object but only felt it, she could not say whether it came from the pie or the coffee, but since the defendant served both of them to her she is not required to prove from which particular food it came. Obviously there is as much negligence in having a dangerous substance such as glass in pie as in coffee or ice cream. It would seem that by the exercise of ordinary diligence, it could have been kept out of the pie

and coffee, and, if it is in either, this is evidence sufficient to warrant a jury finding negligence on the part of the seller. See *Crowley v. Lane Drug Stores*, 54 Ga. App. 859 (189 SE 380); *Davis v. Williams*, 58 Ga. App. 274 (5) (198 SE 357); and *Code* § 105-1101.

The case of *Miller v. Gerber Products Co.*, 207 Ga. 385 (62 SE2d 174), vigorously relied upon by the defendant, does not compel a different conclusion. In *Gerber* there was no evidence that the glass found in the baby's mouth came from the glass jar which the defendant had supplied. There was no evidence as to whether the baby had been eating other food or what the baby was doing immediately prior to being fed so as to eliminate the possibility of her having placed the glass in her mouth prior to the time of being fed the peas from the jar. From the factual situation in the present case it appears that the possibility of the glass coming from a source other than the times furnished to the plaintiff by the defendant is not present, while in *Gerber* such a possibility was present.

The trial court erred in granting the defendant's motion for summary judgment.

*Judgment reversed. Felton, C. J., and Hall, J., concur.*