**ATHENS CANNING COMPANY, Appellant,**

v.

**M. L. BALLARD, Appellee.**

**No. 14073.**

Court of Civil Appeals of Texas.

Houston.

Feb. 14, 1963.

Rehearing Denied March 14, 1963.

Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Blake Tartt, Sam H. Hood, Jr., Houston, of counsel, for appellant.

F. F. Benton, Houston, Burris, Benton & Zwiener, Houston, of counsel, for appellee.

BELL, Chief Justice.

This is a plea of privilege case. The appellee filed suit against appellant to recover damages sustained by his wife from injuries suffered by her as a result of having bitten a burr which was allegedly contained in a can of purple hull peas packaged in a tin can by appellant. The theories of liability were breach of implied warranty, negligence, and application of the doctrine of res ipsa loquitur. Appellant filed its plea of privilege, asserting the right to be sued in Henderson County, the county where it has its principal office. Appellee seeks to maintain venue in Harris County under Subdivision 23 of Article 1995, Vernon's Ann.Tex.Civ.St., providing, among other things, that suit may be maintained against a corporation in the county where the cause of action or a part thereof arose.

Trial was to the court without a jury. The court overruled the plea.

There are no findings of fact or conclusions of law. The facts relied on by appellee to establish his case occurred in Harris County. The only question we have is whether such facts are sufficient to establish, by a preponderance of the evidence, that the burr was in the peas when packaged by appellant.

Appellee and his wife were the only witnesses. Mrs. Ballard testified that on November 6, 1961, she purchased the can of peas at the Florine Super Market in Houston. The can was taken from a shelf in the store and it was sealed. She took the peas home and opened one of the cans and fixed the peas for dinner. She put the peas in a clean boiler, seasoned them and warmed them. There was no foreign matter of any

kind in the boiler. As she was eating dinner, as she ate some of the peas she bit down on a burr. It stuck in her mouth and cut her mouth. She had to be treated by a doctor. Every step in the preparation of the peas was done by her alone. After putting them on the stove she did not walk away from them. For this dinner she also prepared steak and mashed potatoes. She, her husband, and 8 year old son ate together. She put peas, steak and mashed potatoes on the table. The steak, peas and mashed potatoes were not mixed. Prior to biting down on the burr she had taken several bites of the meat, potatoes and peas. The meat, potatoes, and peas were not mixed on her plate. They were all on the plate. They had been cooked on the stove at the same time though in different containers. At the time she took the bite of peas and bit down on the burr she had no other food in her mouth. In cooking she had seasoned them with a little salt, pepper and shortening (not bacon).

Mr. Ballard testified he saw Mrs. Ballard open the can and put the peas in the aluminum pot. He also corroborated her as to the fact she bit down on the burr. Also, he testified the meat, peas and potatoes were all put on her plate.

The essence of appellant's position is that the above testimony does not show by a preponderance of the evidence that the burr was in the can of peas, but it could just as well have come from the meat, potatoes, salt, pepper or shortening.

■ The burden is, of course, on appellee to show by a preponderance of the evidence that the burr was in the can of peas. There is no direct evidence of this because no one saw the burr in the peas when the can was opened and the contents poured into the pan. A fact, however, may be established by circumstantial evidence. The circumstantial evidence is sufficient if on a basis of probabilities it establishes the existence of the ultimate fact. Collier v. Hill and Hill Exterminators, Tex. Civ.App., 322 S.W.2d 329, 73 A.L.R.2d

1141, C.C.A.; Bock v. Fellman Dry Goods Co., 212 S.W. 635, Tex.Com.App.

■ We have reached the conclusion that the circumstances in evidence are sufficient to show that on a basis of probability the burr was in the can of peas when it was purchased. The peas were taken from a sealed can and put in a pan which was free from any foreign substance. They were seasoned with a little salt, pepper and shortening. It is suggested by appellant that the burr might have been in the salt, pepper or shortening. When we consider the very nature of the process through which these ingredients go, while there is a possibility that the burr could have been in one of them, it is not probable. To begin with, salt and pepper in their raw state are not found in an environment where they are close to burrs. Then, pepper is so finely ground, it is unlikely that a grass burr or sand burr or cockle burr, whichever it was, could escape being pulverized. Salt, while not so finely ground, is prepared in crystals much smaller than the ordinary size of a burr. It is highly unlikely that it would not have been so finely ground down as to lose its identity as a burr in the salt. Too, we know that salt and pepper are generally dispensed in the home through shakers that would not permit the exit of a burr. While it is not shown that a shaker was used, even if it was not it is unlikely that, when we consider the small quantity generally used in seasoning a small can of peas, a burr could have escaped the attention of Mrs. Ballard when she was using the seasoning. We do not know what kind of shortening was used, whether vegetable or animal. If animal, it is certainly highly unlikely that a burr would be in it. If vegetable, it is, in the light of the process of rendering, highly unlikely that a burr would be present. While it is possible that the burr could have been in these ingredients, it is a very remote possibility. Peas in their normal environment are many times found growing in the field with burrs. It is so easy for a burr to get in the peas. Too,

because of the size and color of the burr and peas it would be difficult for the eye to distinguish between them. Too, in the process of preparation there can be no crushing or grinding nor can any straining process strain the burr from the peas.

While the meat and potatoes were put on the same plate as the peas, they were not mixed. They were also cooked on the same stove, but in separate containers. Mrs. Ballard had eaten some of the meat, potatoes and peas before she bit on the burr. However, it is significant that she testified she had no other food in her mouth at the time she took a bite of the peas and bit down on the burr. It is suggested that she could have had the burr in her mouth from the other food previously eaten. This is possible, but is highly unlikely since she did not bite the burr until she took the separate bite of peas, and until this was done she had experienced no discomfort in her mouth.

Appellant cites Ewing Von Allmen Dairy Co. v. Miller, 264 S.W.2d 862 (Ky.), and Miller v. Gerber Products Co., 207 Ga. 385, 62 S.E.2d 174, 52 A.L.R.2d 155. Each of those cases involved a jurisdiction that apparently bases liability of the manufacturer on negligence and not on implied warranty, as does this state. The real basis of the decision in those two cases is that to infer from the circumstances that the adulterating matter was in the food when packaged and then to infer from this that the manufacturer was negligent would be basing one inference upon another and such was not permissible. It is true that some language used by the courts indicates the circumstances shown there were not sufficient to lead to the inference that the adulterating substance was in the food. With such language we disagree.

In Texas the liability of the manufacturer of food prepared for human consumption is based on implied warranty. To establish liability the injured party need only establish that the adulterating substance that caused the injury was in the

food packed by the manufacturer. Jacob E. Decker & Sons, Inc. v. Capps, 139 Tex. 609, 164 S.W.2d 828, 142 A.L.R. 1479.

The judgment of the Trial Court is affirmed.