25105. JOHNSTON v. STILL.

Argued April 15, 1969—Decided April 24, 1969.

*Scott Walters, Jr.*, for appellant.

*Mackay & Elliott, James A. Mackay, Thomas W. Elliott*, for appellee.

Mobley, Justice. The appeal is from a judgment modifying a prior judgment, which awarded $90 per month for the support of two minor children of the parties, by increasing the support to $65 per month per child. The amount was fixed by a jury. The wife, who brought the petition, filed the appeal.

■ Enumeration of errors 1, 2, and 3 allege that the court erred in allowing the husband to file defensive pleadings more than 30 days from the date of service of the petition, and after the case became in default without the payment of cost, and in allowing demand for trial by jury after 30 days from the date of the service.

The question presented is whether the same rules of pleading and practice applicable to ordinary civil actions apply to divorce, alimony, and custody of minor children cases. *Code* § 30-113, as amended (Ga. L. 1958, p. 315; Ga. L. 1967, pp. 226, 246), provides that they shall, except that "no verdict or judgment by default shall be taken in such case, but the allegations of the pleadings shall be established by evidence."

This court in *Cohen v. Cohen*, 209 Ga. 459 (2) (74 SE2d 95), held that the procedure, pleading, and practice fixed by our Constitution and by our legislative enactments for divorce suits are different from those prescribed for other civil actions, that the laws of this State make no provision for a judgment declaring a divorce suit to be in default as to pleadings, and that the court erred in striking defensive pleadings which were not filed within the time required in civil cases. See also *Jolley v. Jolley*, 216 Ga. 51 (114 SE2d 534).

A petition for modification of an alimony judgment "shall be filed and returnable under the same rules of procedure applicable to divorce proceedings." Ga. L. 1955, pp. 630, 631; Ga. L. 1964, pp. 713, 714 (*Code Ann.* § 30-220). Such petition is governed by the provision of *Code Ann.* § 30-113 that no verdict by default shall be taken in divorce cases; and the rulings in *Cohen v. Cohen*, 209 Ga. 459 (2), supra, and *Jolley v. Jolley*, 216 Ga. 51, supra, apply.

*Code Ann.* § 30-220 provides for jury trial of the issue of modification of a previous alimony judgment. See also *Kitchin v. Kitchin*, 219 Ga. 417, 418 (133 SE2d 880), where this issue was tried by a jury.

The court did not err in allowing the husband to file defensive pleadings and demand for trial by jury. Grounds 1, 2, and 3 are without merit.

■ Enumeration 5 alleges that the court erred in allowing the husband to present evidence as to the value of property transferred to the wife in settlement of her claim for alimony. The property referred to was the husband's equity in their home which he gave to her in the alimony settlement made at the time of the divorce some nine years before the trial of this issue of modification. Counsel for the husband was permitted, over ob-

jection, to question the wife concerning this equity, but she testified that she did not know its value. There being no evidence as to its value, this ground is without merit.

■ Enumeration 6, complaining of the court sustaining the husband's objection to the question to the wife as to what she considered to be a fair amount for him to pay for support and maintenance of the children, is without merit, as this question called for a conclusion on her part. She did testify what the expense of maintaining the children was, and what would be needed for their support.

■ Enumeration 7 complains that the court erred in admitting the testimony of the husband that his two stepchildren lived in his home, after he had refused on interrogatories to reveal the income of the stepchildren. The failure to answer interrogatories as to the income of the stepchildren does not render inadmissible testimony that the stepchildren lived in the home with him. The burden was upon the wife to require an answer to the interrogatories.

■ Enumeration 8 complains that the court erred in refusing to admit in evidence testimony of the husband, on cross examination, as to the income of his stepchildren, after having admitted testimony, over objection, that the two stepchildren were living in his home. Enumeration 9 contends that the court erred in refusing to purge from the record reference to the stepchildren living in the defendant's home as evidence of the husband's financial status.

It was error for the court to refuse to admit testimony as to the income of the two stepchildren, after having permitted testimony offered by the husband showing that the two stepchildren lived in his home, as evidence of his financial status. Certainly, if their living in his home is material on the question of his financial status, testimony that the children had an income would be material.

While the record does not indicate that the testimony, had it been admitted, would have shown that the children had income, the general rule requiring that in order to obtain review of a ruling excluding evidence, it must be shown what answer would be expected of the witness (*Blount v. Faulk,* 222 Ga. 589, 591

(151 SE2d 135)), does not apply where counsel is prevented from asking material and proper questions on cross examination. *Griffin v. Henderson,* 117 Ga. 382 (2, 3) (43 SE 712); *Bell v. Felt,* 119 Ga. 498 (1) (46 SE 642); *Becker v. Donalson,* 133 Ga. 864 (4) (67 SE 92); *Tillman v. Bomar,* 134 Ga. 660 (2) (68 SE 504). This exception to the general rule is particularly applicable in the present case, where the wife had attempted to secure this information by interrogatories, which the husband failed or refused to answer.

*Judgment reversed. All the Justices concur.*