## 29197. BARRETT v. BARRETT.

HALL, Justice.

More than 45 days after the father's filing and service upon her of a "complaint in equity" seeking a change of custody to him of the couple's then 18-year-old daughter, the mother filed an answer and counterclaim in which she sought to recover delinquent alimony and

child support payments plus interest and attorney fees. The father then moved to strike her answer and counterclaim "and for Default Judgment." The superior court ruled that since the child had attained her legal majority at the time the complaint was filed, the father was not entitled to the award of her custody. The court further ruled that Sections 55 (a) and 12 (a) of the Civil Practice Act governed the timeliness of the mother's answer and counterclaim, and both being out of time were a nullity. All relief sought, save costs, was thus denied both parties.

The mother now appeals complaining that under *Johnston v. Still*, 225 Ga. 222 (167 SE2d 646) and *Todd v. Todd*, 231 Ga. 647 (203 SE2d 480) it was error to disallow the filing of a tardy answer and counterclaim, and she contests the applicability of the Civil Practice Act in this child custody matter. We have recently ruled that Sec. 12 (a) of the Civil Practice Act establishes that defensive pleadings are due 30 days after service of the complaint, and that therefore trial of the divorce matter after that date was not premature. *Bradberry v. Bradberry*, 232 Ga. 651. We conclude that the rulings in *Johnston* and *Todd* allowing late defensive pleadings are grounded in the provisions of Code Ann. § 30-113 prohibiting judgment or verdict by default in certain cases; but this rationale is entirely inapplicable to the mother's counterclaim in which she seeks affirmative relief. Under Code Ann. § 81A-112 (a) and (b) this counterclaim was not timely filed, and relief upon it was properly denied.

The order contains language to the effect that the complaint not having been timely answered will be considered supported by evidence, and the mother objects that this is contrary to Code Ann. § 30-113 prohibiting default judgment. Because judgment was not given for the father, this argument is moot. In order to establish that the age of the child in question was 18 it was not necessary to consider the complaint so alleging to be accurate by default; this fact was admitted in paragraph 3 of the mother's tardy answer which, under *Johnston* and *Todd*, the superior court could have considered.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 11, 1974 — DECIDED
SEPTEMBER 24, 1974.

*Cook, Pleger & Noell, J. Vincent Cook,* for appellant.