### 40816. McELROY v. McELROY.

MARSHALL, Presiding Justice.

At the hearing upon the appellant-former wife's petition for revision of the parties' alimony judgment by an upward modification of the child-support obligation, the appellee-former husband, although personally served, did not appear personally or by counsel, and had filed no answer or other defensive pleadings. At the close of the plaintiff's evidence in a bench trial, the trial court entered a judgment for the defendant on August 17, 1983, from which the plaintiff appeals.

1. The appellant first enumerates as error the denial of her *oral* request for a jury trial in this equitable proceeding.

There is no common-law, constitutional, or statutory right to trial by jury in equity cases *in general. Cawthon v. Douglas County,* 248 Ga. 760 (1) (286 SE2d 30) (1982). However, jury trial on the issue of modification of a previous alimony judgment is proper *upon demand.* OCGA § 19-6-19(a) (Code Ann. § 30-220); *Johnston v. Still,* 225 Ga. 222 (1) (167 SE2d 646) (1969). 1983 Ga. Const., Art. I, Sec. I, Par. XI(a) (Code Ann. § 2-111) provides that "the court shall render

judgment without the verdict of a jury in all civil cases where no issuable defense is filed and where a jury is not demanded *in writing* by either party." (Emphasis supplied.) Although the jury trial is a *statutory* right here (OCGA § 19-6-19 (Code Ann. § 30-220)), and the statute does not specify a requirement of "written" demand, OCGA §§ 19-5-8 and 19-6-19 (Code Ann. §§ 30-113 and 30-220) apply the same rules of pleading and practice applicable to ordinary civil actions to the present type of action. *Johnston,* supra, (1).

Therefore, although the trial judge in his discretion could have ordered a jury trial (OCGA § 9-11-39(b) (Code Ann. § 81A-139)), a jury trial was not required absent a written request therefor.

2. The appellant next contends that a judgment against the appellee for some amount is demanded under the evidence, because the appellee's default admitted the allegations that he has had a substantial increase in his earnings and that he should be required to pay additional child support. This contention is without merit. The default provisions of OCGA § 9-11-55 (Code Ann. § 81A-155) have no application to divorce cases (OCGA § 19-5-8 (Code Ann. § 30-113); *Simpson v. Simpson,* 240 Ga. 543 (242 SE2d 45) (1978)), hence none to proceedings for modification of alimony judgments. OCGA § 19-6-19 (Code Ann. § 30-220); *Johnston,* supra, (1).

3. The only evidence tendered by the appellant as to the alleged change in income and financial status of the appellee was the testimony of the appellee's second wife, who had subsequently divorced him in May of 1983. This testimony pertained to his alleged marital status, earnings, earning capacity, earning ability, and financial status as of the date of the divorce, including the year 1982. The trial judge refused to give any credit to this testimony, ruling that the witness had given no basis for her knowledge as to the purported facts to which she testified, and that this evidence was at best simply hearsay or her assumptions.

The appellant argues that the trial judge erred in not objecting to the testimony when it was given, or examining the witness to determine the source of her purported knowledge, citing the proposition that "[w]here a witness testifies to a fact, the presumption is, in the absence of anything to the contrary, that he is testifying from his own knowledge." *Canal Ins. Co. v. Winge Bros., Inc.,* 97 Ga. App. 782, 783 (1) (104 SE2d 525) (1958). She further urges that, even if the judge could indulge in a presumption that the evidence in question was hearsay, he could not base his judgment on the double presumption or inference that the appellee-former husband was not the source of this hearsay, which would be admissible as admissions by the appellee if heard by the witness, citing *Miller v. Gerber Products Co.,* 207 Ga. 385, 388 (62 SE2d 174)

(1950) and cit.

OCGA § 19-6-19 (Code Ann. § 30-220) provides that the judge (or jury) "*may* modify and revise the previous judgment . . . if such a change in the income and financial status is *satisfactorily proved* . . ." (Emphases supplied.) The appellant, as plaintiff, had the burden of satisfactorily proving such a change, and the trial judge, as the trier of fact, had the duty of determining the witness' creditability and credibility. We cannot say that the trial judge abused his discretion in determining that the testimony in question was not creditable or credible, especially since the evidence was not reported, and we must rely upon the trial judge's summary of the evidence in his judgment, as provided by OCGA § 5-6-41 (Code Ann. § 6-805).

4. Finally, the appellant argues that there was competent evidence upon which the trial court could have granted modification.

Aside from the testimony discredited by the trial judge (see Div. 3, infra), there was no evidence of the appellee's increased income and financial status. The evidence of the needs of the children, their special problems, the earnings and financial status of the mother, and the previous earnings (at the time of the divorce) of the father — would not require a modification. Moreover, even if the discredited testimony were to be credited we have held that "a change in the father's income or financial status does not mandate a revision in child support; the statute merely permits such revision." *Ivester v. Ivester,* 242 Ga. 386, 387 (249 SE2d 69) (1978) and cits. "The final decision of whether to modify the award is within the discretion of the trier of fact." *Marsh v. Marsh,* 243 Ga. 742 (256 SE2d 442) (1979) and cits.

From our review of the record, we find that the judgment denying modification of the earlier child-support award was authorized; therefore, we affirm that judgment.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 24, 1984 —
REHEARING DENIED MAY 16, 1984.

*Glenville Haldi,* for appellant.
William Alan McElroy, *pro se.*