### 73698. STINSON v. PRATT.
(356 SE2d 519)

CARLEY, Judge.

Appellee initiated this proceeding to establish that appellant is the father of her minor daughter. See OCGA § 19-7-40 et seq. The trial court, sitting without a jury, found that appellant is the father of the child and ordered him to pay child support. Appellant appeals from the denial of his motion for new trial.

1. The trial court's refusal to afford appellant a trial by jury is enumerated as error. The trial court held that appellant was not entitled to a jury trial because no written demand had been filed prior to the call of the case.

A proceeding to determine paternity is a civil action governed by the rules of civil procedure. OCGA § 19-7-47. "The right of trial by jury as declared by the Constitution of the state or as given by a statute of the state shall be preserved to the parties inviolate." OCGA § 9-11-38. Our Constitution provides: "The right to trial by jury shall remain inviolate, *except* that the court shall render judgment without the verdict of a jury in *all civil cases* where no issuable defense is filed *and* where a jury is not demanded in writing by either party." (Emphasis supplied.) Ga. Const. of 1983, Art. I, Sec. I, Par. XI (a). Although appellant made no written demand for a jury trial, he did file an answer raising issuable defenses to the paternity petition. Accordingly, the constitutional exception authorizing a bench trial in this civil action is not applicable here. Compare *McElroy v. McElroy*, 252 Ga. 553 (1) (314 SE2d 893) (1984).

Moreover, in asserting his right to a jury trial, appellant does not rely upon a statute which purports to condition the exercise of that right upon the filing of a written demand within a specified time. Under Rule 24.1 of the Uniform Rules for the Superior Courts, a paternity proceeding is considered to be a "domestic relations" action. A paternity action is not, however, a cause involving divorce and permanent alimony. Accordingly, OCGA § 19-5-1, which provides for a bench trial as to the issues of divorce and permanent alimony *unless* an issuable defense is filed *and* a written demand for jury trial is made on or before the call of the case, is inapplicable here. Likewise, a paternity proceeding is not an action to modify a previous judgment awarding permanent alimony or child support. Accordingly, OCGA § 19-6-19 (a), which provides for a bench trial *unless* a demand for jury trial is made as to those issues, is likewise inapplicable here. Compare *McElroy v. McElroy*, supra.

Insofar as the constitutional exception is inapplicable and there is no statutory provision conditioning the right to a jury trial in a paternity action upon the filing of a written demand within a specified time, OCGA § 9-11-39 (a) is the controlling authority in this case. Rather than predicating the right to a jury trial upon a demand, that statute provides that a jury trial shall be afforded unless the parties consent to a bench trial. OCGA § 9-11-39 (a) "provides for a jury trial as a matter of right unless the parties consent to a non-jury trial. This consent must be manifested by express stipulation or by voluntary participation in a non-jury trial. [Cits.] Because [appellant] did not consent to the non-jury trial by either means, the judgment must be reversed." *Raintree Farms v. Stripping Center*, 166 Ga. App. 848, 849 (1) (305 SE2d 660) (1983).

2. Reversal of the judgment for the reasons discussed in Division 1 moots all remaining enumerations of error except one. That enumeration raises an issue that is likely to recur at the new trial and, accordingly, we will address it.

The trial court, over appellant's objection, admitted into evidence the deposition of appellee's expert witness. Appellant's objection to the admission of the deposition was to the competency of the witness to testify as an expert. However, at the deposition, appellant's counsel stated that he had no objection to the witness testifying as an expert. Even assuming that appellant did not thus affirmatively waive the right to raise this objection at the subsequent trial, it is clear that the objection has otherwise been waived pursuant to OCGA § 9-11-32 (d) (3) (A). See *Andean Motor Co. v. Mulkey*, 251 Ga. 32 (1) (302 SE2d 550) (1983). Accordingly, the deposition will not be inadmissible at the new trial.

*Judgment reversed. Banke, P. J., and Benham, J., concur.*

554

*James R. Jester,* for appellant.
*Stanley M. Baum,* for appellee.