A92A0242. DEPARTMENT OF HUMAN RESOURCES v. HEDGEPATH.
(420 SE2d 638)

CARLEY, Presiding Judge.

The facts relevant to the resolution of this appeal are as follows: When appellee-defendant was divorced, the divorce decree provided that his ex-wife was to have custody of their minor daughter and that he was to provide no child support. Thereafter, appellee's ex-wife sought and obtained public assistance on behalf of the child from appellant-plaintiff Georgia Department of Human Resources (DHR). Pursuant to OCGA § 19-11-1 et seq., DHR filed the instant action, seeking to recover from appellee the benefits it had paid to his daughter and an order providing for appellee's future support of her. Appellee failed to file an answer within 45 days. When appellee failed to move to open default, the trial court conducted a hearing, which appellee attended, and proceeded "on a default basis." Despite appellee's default, the trial court denied DHR the relief sought in its petition and DHR appeals.

1. As to the benefits paid to appellee's daughter, DHR enumerates as error the trial court's failure to enter a default judgment against appellee.

A default judgment cannot be entered in an original action for child support. OCGA § 19-5-8. Likewise, a default judgment cannot be entered in a subsequent action for modification of a previous award of child support. *McElroy v. McElroy*, 252 Ga. 553, 554 (2) (314 SE2d 893) (1984). However, the instant action is neither. Pursuant to OCGA § 19-11-5, the instant action "is one seeking collection of a debt. . . ." *Department of Human Resources v. Johnson*, 175 Ga. App. 610, 611-612 (333 SE2d 845) (1985). There is no proscription on the entry of a default judgment in an action wherein collection of a debt is sought.

The amount of appellee's debt to DHR is specified in OCGA

§ 19-11-5 as "the amount necessary to meet the total needs of the child or children and the person having custody, if included in the public assistance grant, as determined by [DHR] in conformity with the federal Social Security Act; provided, however, that, *where a court has ordered child support incident to a final divorce* or in a criminal proceeding for nonsupport or where the responsible parent has entered into a legally enforceable and binding agreement, *the debt created shall be equal to the amount set in such decree, order,* hearing, or agreement." (Emphasis supplied.) Appellee urges that, insofar as the divorce decree provided that he was not obligated for any child support for his daughter, the amount of his debt to DHR is zero. This contention is without merit. "[T]he child support waiver provision in question was void, and the trial court erred [if it found that provision] valid and determinative of this case." *Collins v. Collins,* 172 Ga. App. 748, 749 (324 SE2d 475) (1984).

In its petition, DHR alleged that it had "provided support in the form of public assistance to [appellee's daughter] and, pursuant to OCGA [§] 19-11-5, is entitled to reimbursement from [appellee] in the amount of $6,194.00." "It may be seen from the complaint, the allegations of which must be taken as true because of [appellee's] default, that the sum of [$6,194] was pleaded as liquidated damages. That being so, [DHR] was entitled to [entry of default judgment in the amount of $6,194]." *Fadum v. Liakos,* 186 Ga. App. 556, 558 (3) (367 SE2d 843) (1988). It follows that the trial court erred in failing to enter a default judgment in that amount in favor of DHR.

2. The trial court's failure to enter an award as to appellee's obligation to provide future child support is enumerated as error.

DHR was entitled to seek a determination as to appellee's obligation to provide future child support. See OCGA §§ 19-11-2 (a) (3); 19-11-6 (a); 19-11-10 (c); 19-11-12. By his failure to file a timely answer, appellee admitted the allegation in DHR's petition that he was "obligated to provide for the future support of [his] minor child as (his) ability permits. . . ." Accordingly, the trial court erred in failing to issue an award establishing appellee's obligation for future child support pursuant to the guidelines of OCGA § 19-6-15, which "are the expression of the legislative will regarding the calculation of child support and must be considered by any court setting child support." *Pruitt v. Lindsey,* 261 Ga. 540, 541 (1) (407 SE2d 750) (1991).

3. The judgment is reversed with direction that the trial court enter a default judgment against appellee in the amount of $6,194 and conduct a hearing to determine the amount of future child support that appellee is to provide.

*Judgment reversed with direction. Pope and Johnson, JJ., concur.*

DECIDED JULY 1, 1992.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney General,* for appellant.

*Worthy & Associates, Jerry L. Worthy, Jr.,* for appellee.