## THE CITY OF ATLANTA *v.* YOUNG.

1. Taking the charge as a whole, it did not assume the existence of the alleged defect in the sidewalk of which the plaintiff complained as the cause of her injury, and the jury must have understood from the charge that it was incumbent on her to prove the existence of the defect before she would be entitled to recover.
2. The evidence, though conflicting, was sufficient to authorize the verdict, and there was no error in denying a new trial.

October 30, 1893.                              *Judgment affirmed.*

Action for damages. Before Judge VAN EPPS. City court of Atlanta. March term, 1893.

Caroline Young sued for personal injuries resulting from a fall into an excavation which she alleged was negligently allowed by the city to remain open, unguarded and unlighted on Peters street, on the sidewalk next to the foundation wall of a two-story building in process of construction. She obtained a verdict, and defendant's motion for a new trial was overruled. The testimony for the plaintiff tended to show that she was injured in the manner alleged; that the work of excavating and building the foundation wall occupied fifteen days or longer; that a policeman passed the place on his regular beat; that the signal lights usually placed by the premises were imperfect and often went out at night, leaving the place dark (the regular street lights being some distance off, and somewhat obstructed by shade-trees, etc.); that part of the time an insufficient plank barrier was in front of the excavation; that at the time plaintiff fell (about 8 o'clock at night), there was no light nor barrier by the opening, which was about ten or twelve inches wide and five feet deep; and that in the darkness plaintiff fell into the opening be-

fore she was aware of its existence.. The work was being done under regular permit from the city authorities. The testimony for the defendant was in direct conflict with that for the plaintiff, and tended to show that there was no opening between the sidewalk and the foundation wall; that there was a fence sufficient to prevent any one from falling from the sidewalk into the excavation on the building lot; and that the signal-lights required by the city ordinances were regularly kept burning at night, etc.

The motion for new trial alleges that the court, in charging the jury, failed the present defendant's contention that no such defect as alleged by plaintiff existed in or next to the sidewalk, but assumed that it did exist, and that the questions to be determined were, whether the city had notice of its existence, and whether reasonable precaution in the way of barriers and lights had been taken by defendant to prevent injury to persons passing the place where it existed. Also, that the verdict was contrary to law and the preponderance of evidence, for that there was no evidence showing express notice to the city, or that the defect had existed for a time long enough for notice to be presumed against it; and the preponderance of testimony was, that no such defect existed, and that the place was in reasonably safe condition at the time in question.

J. A. ANDERSON and FULTON COLVILLE, for plaintiff in error. GLENN & MADDOX, contra.

