### BITTICK & MAYS v. GEORGIA, FLORIDA & ALA. RY. CO.

### MAYS & BITTICK v. GEORGIA, FLORIDA & ALA. RY. CO.

1. In a suit against a railway company to recover damages on account of the burning of property, caused by fire negligently set out, the plaintiff alleged that the fire was caused by sparks from an engine of the defendant, and that the defendant was negligent in not equipping its engine with sufficient appliances for the purpose of arresting sparks arising from its furnace, and also in the manner of operating its engine. On the latter subject the allegation was as follows: "That said defendant company was further negligent in the setting out of fire from its engine, thus causing the destruction of the property of petitioners, to their hurt and injury as above set forth, in that its servants, agents, and employees in charge of the running and operating

of its engine negligently caused the same to throw out unnecessarily the sparks of fire which caught on and burned said property, by the improper and negligent use of the exhaust or blower of said engine. That if the said engine had been operated in a careful manner and in the exercise of ordinary care and diligence, the sparks which 'were emitted from its engine and set fire to and destroyed petitioners' property would have been prevented." *Held,* that the allegation of negligence in the manner of operating the engine was sufficiently specific, and it was error to sustain a demurrer to the averments that the fire was caused "by the improper and negligent use of the exhaust or blower of said engine," and that, "if the said engine had been operated in a careful manner and in the exercise of ordinary care and diligence, the sparks which were emitted from said engine and set fire to and destroyed petitioners' property would have been prevented," and thus confine the plaintiffs to the allegation of negligence in not providing a proper appliance for arresting sparks.

2. None of the grounds of the motion for a new trial were such as to require a reversal.

APRIL 12, 1911.

Action for damages. Before Judge Worrill. Miller superior court. July 15, 1910.

*W. I. Geer* and *Persons & Persons,* for plaintiffs.

*Hawes & Pottle,* for defendant.

LUMPKIN, J. A plaintiff is required to plainly, fully and distinctly set out his cause of action, so as to afford the defendant an opportunity to prepare for trial, and not leave him to defend in the dark. But he is not required to allege impossible particulars or unnecessary details. The plaintiffs in the case under consideration alleged that the defendant railway company had set fire to their property by means of sparks emitted from one of its engines. They relied on two grounds of negligence; first, that the defendant failed to provide any sufficient appliances to prevent the throwing out of sparks by its engine and the causing of property to be burned thereby; second, that the agents and employees of the defendant in charge of the running and operating of its engine caused such engine to throw out unnecessarily the sparks of fire which caught and burned the property of the plaintiffs, by the improper and negligent use of the exhaust or blower, and that, if the engine had been operated in a careful manner and in the exercise of ordinary care and diligence, the emission of the sparks would have been prevented. The presiding judge thought that the allegations in regard to the operation of the engine and the improper use of the exhaust or blower, so as unnecessarily to cause

the sparks which set fire to the plaintiffs' property to be thrown out, were insufficient. In this we can not agree with him. What were the plaintiffs required to allege? Were they bound to have the knowledge of an expert engineer, and state with minute particularity how the exhaust or blower of the engine ought to have been used, and how it was used? Were they obliged to know and allege whether the engineer pulled the wrong lever, or whether he pulled it too rapidly or too slowly, or too far, or whether he turned a wrong wheel or crank? Or to state whether, at the place where the sparks were emitted, he should not have used the exhaust or blower at all, or whether he used it excessively? It will be readily seen that if, by special demurrer, the plaintiffs could be forced to allege exactly the way in which the engineer caused the exhaust or blower to unnecessarily throw out sparks, and would then be confined to the specific allegation made, and held to be unable to recover if such detailed statement were disproved, although in fact the engineer did negligently and improperly operate the blower in some other way so as to unnecessarily cause sparks to be thrown out upon the plaintiffs' property, an almost impossible burden would be placed upon them. The allegations on the subject set out in the first headnote were sufficiently plain, full, and distinct to put the defendant upon notice as to the negligence charged against it in respect to the operation of the exhaust or blower, and it was error to strike such allegations on demurrer. This error appears to have been material, as it resulted in excluding from the consideration of the jury one of the grounds of negligence on which the plaintiffs relied. An examination of the charge contained in the record shows that the judge confined the jury to a consideration of the other ground, thus making certain the injurious result of the ruling on the demurrer. Exception was taken pendente lite to this ruling, and error assigned thereon.

Nothing in the grounds of the motion for a new trial requires either discussion or a reversal.

> *Judgment reversed. All the Justices concur.*