6111. BAGGETT & SON v. ATLANTIC COAST LINE RAILROAD CO.

BROYLES, J. The petition, while possibly subject to special demurrer, set forth a cause of action, and the court erred in sustaining the general demurrer and dismissing the petition.　　　*Judgment reversed.*

DECIDED JULY 30, 1915.

Action for damages; from city court of Cairo—Judge Singletary. October 14, 1914.

The action was for damages on account of the destruction of certain personal property of the plaintiffs by fire alleged to have been caused by sparks from a locomotive of the defendant. The petition alleged, that the property (a description of which was given in an itemized statement, with the value of each article) was so destroyed on November 2, 1910, while stored in the warehouse of the plaintiffs, which was situated in the city of Cairo, Georgia, at a distance of approximately forty feet from the defendant's railroad-track, and of approximately fifty feet from the defendant's depot. The allegations as to the cause of the fire and the negligence of the defendant were as follows: Said fire which consumed and destroyed said property was started by a spark from an engine drawing a train of cars over the tracks of said Atlantic Coast Line Railroad Company, the exact hour of which the petitioners do not know, but they are informed that the same was some time about from three to four o'clock in the morning of November 2, 1910, when, petitioners are informed, a passenger-train and freight-train passed each other at said point. Said fire originated at night when the petitioners were away from said business, and for this reason they are unable to allege what time said train of cars passed Cairo, Georgia, or who was the engineer in charge of the engine drawing said train. Said railroad company was negligent in permitting said locomotive-engine to emit and throw said spark or sparks from the smokestack of said engine which ignited and set fire to said warehouse and to the hay stored therein and destroyed petitioners' property, and said negligence was a lack of ordinary care on the part of said railroad company. The negligence of said railroad company as set out in this petition is the direct and proximate cause of the destruction by fire of said property. The petitioners are unable to allege what the specific defect or defects were in said locomotive or its part which caused the said spark or sparks to be thrown from the smoke-stack of said engine, but allege that if said engine and

its parts which control and arrest the sparks in the smoke-stack had not been defective, the spark that set fire to said warehouse and goods stored therein and destroyed petitioners' property would not have been emitted and thrown from the smoke-stack of said engine. By amendment it was alleged: Each and every train of the defendant passing through the city of Cairo on the night of the alleged burning of said warehouse was drawn by a defective locomotive, which, because of said defects, threw sparks of fire upon said warehouse, set the same on fire, and thereby burned and utterly destroyed the said warehouse and its contents, the said defects of said locomotives being then and there as follows, to wit: (*a*) They contained no spark-arrester, or other device, to prevent said locomotives, or any of them, from throwing sparks of fire a distance of one hundred feet and all other shorter distances. (*b*) The only device in said locomotives, or any of them, that interfered in any way with the full and free emission of sparks of fire and burning particles of fuel contained holes so large as to allow such burning particles to be emitted and thrown a distance of one hundred feet and all shorter distances. (*c*) The servants of defendant in charge of said locomotives, and each of them, piled into said locomotives unusual and unnecessary amounts of fuel, and in connection therewith caused an exhaust of steam to be constantly and regularly and unnecessarily sent through the smoke-stacks of said locomotives, thereby hurling said sparks and particles of fire in all directions with great and unusual and unnecessary force. (*d*) Each and all of said locomotives stopped on defendant's said tracks at the point nearest said warehouse, and, while so stopped, caused the said sparks and particles of fire to be thrown over the said warehouse as aforesaid; and, in so doing, defendant's servants in charge of said locomotives exercised no care whatever to prevent the said injuries to said property or to prevent the throwing of said sparks upon said warehouse. (*e*) Each and all of said acts of defendant's said servants, and each and all of said defects in said locomotives, contributed to the said fire that destroyed petitioners' said property, and were the direct and proximate cause of petitioners' said loss and damage. It was alleged that the said property was destroyed without the consent, knowledge, or fault of the plaintiffs.

The defendant demurred to the petition generally and specially; the court sustained the general demurrer and dismissed the petition, and the plaintiffs excepted.

*M. L. Ledford, Roscoe Luke, C. E. Hay,* for plaintiffs, cited: Civil Code, §§ 2779, 2780; *Central R. Co.* v. *Murray,* 93 *Ga.* 265 (5); s. c. 97 *Ga.* 326; *Sou. Ry. Co.* v. *Ward,* 110 *Ga.* 793; *Flint River R. Co.* v. *Maples,* 10 *Ga. App.* 573 (1); *Bittick* v. *G., F. & A. Ry. Co.,* 136 *Ga.* 138 (1); 6 Michie's Dig. Ga. Rep. 242; 17 Id. 1017.

*Pope & Bennet, W. J. Willie,* for defendant, cited: *Harden* v. *Georgia R. Co.,* 3 *Ga. App.* 344; *South Georgia Ry. Co.* v. *Ryals,* 123 *Ga.* 330; *Martin* v. *Southern Ry. Co.,* 7 *Ga. App.* 324; *Vinson* v. *Willingham,* 2 *Ga. App.* 53 (4); *Platt* v. *Southern Photo Material Co.,* 4 *Ga. App.* 159 (2b); *Shields* v. *Ga. Ry. & Elec. Co.,* 1 *Ga. App.* 174; *Southern Ry. Co.* v. *Thompson,* 129 *Ga.* 367 (7); *Gainesville &c. R. Co.* v. *Edmondson,* 101 *Ga.* 750; *Bittick* v. *G., F. & A. R. Co.,* 136 *Ga.* 138 (1); *Flynt* v. *Southern Ry. Co.,* 7 *Ga. App.* 316; *Brown* v. *Mass. Mills,* 7 *Ga. App.* 643; *Stevens* v. *Steadman,* 140 *Ga.* 685; *Graham* v. *Marks,* 98 *Ga.* 73.