28549. DOLVIN REALTY COMPANY *v.* JONES *et al.*

Decided October 5, 1940.

*Clarke & Clarke,* for plaintiff.    *Len B. Guillebeau,* for defendants.

Felton, J.  B. W. Jones and Mrs. Cora Roberts Jones listed certain real estate with the Dolvin Realty Company, a real-estate broker, for sale.  The broker produced Mrs. Louise George as a prospective customer, and she made a written offer of $2600 for the property, which was refused by the owners.  Subsequently the broker continued to negotiate with Mrs. George in an effort to sell the property to her.  About June 24, 1939, Mr. and Mrs. Jones accepted a contract of purchase through another broker, Mrs. E. O. Riordan being the purchaser.  Two days later this contract of purchase was assigned "for value received" to Mrs. George, and upon compliance by Mrs. George with the terms of the contract of purchase Mr. and Mrs. Jones executed to Mrs. George a warranty deed and received the consideration of $2800 recited in the contract.  Dolvin Realty Company sued Mr. and Mrs. Jones for a commission for making the sale to Mrs. George, contending that it was the procuring cause of the sale.  There was no evidence that there was any bad faith, fraud, or collusion, in the absence of which the inference is demanded that the contract of purchase was made and assigned in good faith.  There was no evidence that the assignment was without consideration, in fact no evidence that Mrs. Riordan knew anything of the previous negotiations between Mrs. George and Dolvin Realty Company.  The owners had a legal right to agree to sell the property to Mrs. Riordan on terms satisfactory to them.  Having entered into such an agreement, they were bound to abide by it as to parties or bona fide assignees.  The effect of

the transactions was that Mrs. Riordan sold the property to Mrs. George—just as if the owners had deeded the property to Mrs. Riordan and she had in turn deeded it to Mrs. George. Under the circumstances Mrs. Riordan was an innocent purchaser, and Mrs. George and the owners were insulated from any knowledge as to the relationship between Dolvin Realty Company and Mrs. George as to any rights Dolvin Realty Company might have if the property was sold directly to Mrs. George by the owners. The cases cited do not apply to the situation here, but to cases where the owner sells directly to the broker's customer and not to the customer as assignee of another person. The principle that a contract can only be assigned subject to the equities existing between the parties means the equities existing between the parties to the contract, and not, as contended here, between one of the parties to the contract and a third person. Under the facts the judge of the civil court did not err in finding for the defendant owners of the property and in denying a new trial, and the appellate division did not err in affirming that judgment.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*