### 32218.   BIRCHMORE *v.* UPCHURCH.

Decided December 4, 1948.

*Carlisle Cobb, Fred A. Birchmore,* for plaintiff.
*Abit Nix, Howell C. Erwin Jr.,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.) The verdict having been directed for the defendant, the evidence must be construed in its light most favorable to the plaintiff in order to determine if there is any to support a verdict for him. See *McNabb* v. *Hardeman*, 77 *Ga. App.* 451 (49 S. E. 2d, 194).

The testimony of the plaintiff alone makes a jury question upon all essential elements of a recovery for the real-estate broker's commissions alleged to be due, provided the evidence as a whole does not preclude such recovery by reason of the offer to sell being conditioned upon a certain option by the defendant to Bradberry Realty Company not being exercised. No written option was ever introduced. However, the evidence developed facts regarding the option, substantially: that the defendant executed to that company an option (for two weeks) to purchase the property, which option was to expire on March 3; that Wally Butts was interested in the purchase of the property; that he was told by Lee Bradberry in a telephone conversation that the option could be obtained for him; that later Bradberry phoned Butts that the defendant had a better offer, and Butts agreed to release the property; that, when the plaintiff first approached the defendant on the matter of obtaining authority to sell her property, she fully informed him as to this option and insisted that he find a purchaser before its expiration date, as she had promised Mr. Butts that, unless some real-estate agent produced a purchaser prior to the expiration date, she would renew the option; that on February 21 he produced Dr. Tom Dover, who agreed to purchase on the terms of the seller; that the defendant then assured Dr. Dover that in accordance with her agreement with Mr. Bradberry and Mr. Butts, if the latter did not exercise his option to buy the property, it would not be renewed upon its expiration if another real-estate agent had produced a purchaser, she would sell to such purchaser, and in such event she would sell to Dr. Dover; that, although the plaintiff first interested and even produced Dr. Dover as a purchaser who was ready, able, and willing to buy the property on the terms of the seller, and who offered to do so after the expiration of the option and in the event it was not exercised, he, upon learning of the existence of the option, went to Mr. Bradberry and bought it from him, paying $1025 for it and having it assigned to him;

and that he then presented the transferred option to the defendant, and she in turn executed to him a deed for the property according to its terms.

Although the defendant considered Mr. Butts as the prospective purchaser, she nevertheless executed the option to Bradberry Realty Company. Nothing in the record indicates that it was not his property or that he lacked the authority to transfer it to Dr. Dover. Nothing to the contrary appearing, it must be presumed that the option was a legal and binding contract, and that the defendant was bound to execute a deed to its transferee who sought to exercise it during its life.

This case somewhat parallels *Dolvin Realty Co.* v. *Jones*, 63 *Ga. App.* 351 (11 S. E. 2d, 105), cited and relied upon by counsel for the defendant. We have examined the original record of that case on file in the office of the clerk of this court, and find that there, as here, the plaintiff broker first interested the purchaser of the property in the same. In that case, another broker later procured a written offer of a third person to purchase the property, which offer was accepted in writing by the defendants. In the instant case, the other broker already had an option to purchase. In that case, while the plaintiff was still negotiating with his prospect to sell her the property, the prospect of the other broker assigned and transferred to the prospect of the plaintiff the contract to purchase, which had been procured by the other broker and was signed by the owner and by his prospect. Here, the other broker held the option and assigned it to the prospect of the plaintiff. There, the defendant owner sold to the transferee of the contract to purchase, who, incidentally, was the prospect of the plaintiff. Here, the defendant owner sold to the transferee of the option, who, incidentally, was the prospect of the plaintiff. It is true that in that case the prospect of the plaintiff did not agree to the terms of the owner until after she became the transferee of the contract to purchase, but here the owner could not agree to sell in conflict with the option until after it expired. This court in affirming the trial court held in effect that the broker's commissions were not earned.

"The broker's commissions are earned when, during the agency, he finds a purchaser, ready, able and willing to buy, and who actually offers to buy on the terms stipulated by the owner."

Code, § 4-213. The offer of the seller and the acceptance of the purchaser must be unconditional. See *Gray* v. *Lynn,* 139 *Ga.* 294 (77 S. E. 156). Here the offer to sell was conditioned upon the option not being exercised.

The direction of the verdict for the defendant was proper, and the judgment of the trial court overruling the plaintiff's motion for a new trial is without error.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*