## 32869. CONAWAY *v.* McCRORY STORES CORPORATION.

DECIDED JULY 7, 1950.

98

*Francis G. Jones Jr.,* for plaintiff in error.

*Haas & Hurt,* contra.

MACINTYRE, P.J. "It is an elementary rule of construction, as applied to a pleading, that it is to be construed most strongly

against the pleader; and that if an inference unfavorable to the right of a party claiming a right under such a pleading may be fairly drawn from the facts stated therein, such inference, on demurrer, will prevail in determining the rights of the parties. *Krueger* v. *MacDougald,* 148 *Ga.* 429 (1) (96 S. E. 867). . .

"It is an established rule of pleading that conclusions in conflict with the pleaded facts are to be disregarded (*Flynt* v. *Southern Railway Co.,* 7 *Ga. App.* 313 (1), 316, 66 S. E. 957), and general allegations that a person could not have avoided the consequences of another's negligence by the exercise of ordinary care after it was or should have been discovered must yield, on demurrer, to the particular facts shown where inferences from the facts are necessarily to be drawn contradictory of the conclusions. *Wood* v. *Pynetree Paper Co.,* 29 *Ga. App.* 81 (114 S. E. 83 (4)). . .

"Every case of this character must stand largely upon its own facts, and questions of negligence are questions of fact, and therefore come within the peculiar province of the jury; but, nevertheless, where facts are considered on demurrer and any rational interpretation thereof requires the conclusion, as a matter of law, that there was a want of ordinary care on the part of the plaintiff . . the demurrer should be sustained and the case ended without requiring the defendant to resist a possible recovery not authorized under the facts as alleged. *Southern Railway Co.* v. *Young,* 20 *Ga. App.* 362, 367 (93 S. E. 51); *Hill* v. *Louisville & Nashville R. Co.,* 124 *Ga.* 243 (2) (52 S. E. 651, 3 L. R. A. (N.S.) 432)." *Moore* v. *Seaboard Air-Line R. Co.,* 30 *Ga. App.* 466 (118 S. E. 471).

The question involved is not one of dangerous construction, but one of negligent maintenance. *McCrory Stores Corporation* v. *Ahern,* 65 *Ga. App.* 334 (15 S. E. 2d, 797). There are many conclusions drawn in the petition which state that the floor was slippery and dangerous and that the plaintiff fell as a result of the failure of the defendant to remove the water and mud from the floor at the entrance to its store. However, the specific facts alleged in the petition upon which those various conclusions are based are that when it rained customers brought rainwater and mud into the entrance on their shoes and that this caused the floor at the entrance to become slippery and danger-

ous. Where the defendant was aware of the presence of the substance upon the floor which produced a slippery condition and fails to remove it, the jury may be warranted in inferring negligence from his nonaction if the substance is not discernible to the invitees by the exercise of reasonable alertness. If the owner of a store invites the public to enter, he is required to exercise ordinary care to maintain his floors in a condition reasonably safe for the purposes of the invitation. Ordinarily, if the floor is without structural defects, he is not required to place mats at the entrance ways on rainy days nor to mop up rainwater tracked in by customers provided the condition of dampness is readily discernible to those who enter. S. S. Kresge *v.* Fader, 116 Ohio St. 718 (158 N. E. 174, 58 A. L. R. 132); Murray *v.* Bedell Co., 256 Ill. App. 247.

A finding of negligence of the proprietor of a city store is not warranted by evidence merely that, on a day when it has rained, a customer slips and falls in a recessed entrance to the store where it is wet and there is a coating of mud. Grace *v.* Jordan Marsh Co., 317 Mass. 632 (59 N. E. 2d, 283). Before an owner can be held liable for the slippery condition of his floors, produced by the presence of a foreign substance thereon, it is necessary that the proof should show that he was aware of the substance or would have known of its presence had he exercised reasonable care. Lyons *v.* Lich, 145 Ore. 606 (28 Pac. 2d, 872).

We now come to the application of these rules to the present case. The petition, in effect, alleges only implied knowledge on the part of the defendant of the presence of the water and debris on the floor and of its slippery condition. There is no question of the light being dim or that shadows or anything else obscured the view of the plaintiff of the place or entrance in question as she approached. The question of visibility is not here involved for it is obvious that had the plaintiff looked she could have seen the condition of the floor. The question then appears to be whether or not, under the evidentiary facts alleged in the petition, the defendant was liable to the plaintiff, an invitee upon such premises, where such invitee is caused to slip and fall by reason of such rainwater and mud upon the floor of the entrance. From the allegations of fact it is apparent that the danger, if any, was as clearly evident to the plaintiff as to the

102

defendant and that she was aware of the condition of the floor and of the possibility of sustaining a fall before she undertook to pass over or along the floor of the entrance in question. The condition described in the petition is one that is not unusual, but is customarily to be found on such days, as the day described in the petition, in entrances of this character and on the sidewalks and entrances to public places.

It is the rule in this State that the plaintiff cannot recover unless the defendant's negligence exceeds that of the plaintiff. In the instant case the plaintiff was as well apprised of the condition existing in the entrance as the defendant and should be held to as high a degree of care for her own safety as the defendant. *Murray* v. *Bell,* supra; *Hill* v. *Davison-Paxon Co.,* 80 *Ga. App.* 840 (57 S. E. 2d, 680).

For the foregoing reasons the judgment of the superior court sustaining the general demurrer was not erroneous.

*Judgment affirmed.* *Gardner and Townsend, JJ., concur.*