## 38943. HOME FEDERAL SAVINGS & LOAN ASSOCIATION v. HULSEY.

DECIDED JUNE 29, 1961.

124

*Kenyon, Kenyon & Gunter, Wm. B. Gunter,* for plaintiff in error.

*Wheeler, Robinson & Thompson, Emory F. Robinson,* contra.

NICHOLS, Judge. In view of the quoted allegations which when construed against the pleader, as they must be construed on general demurrer, allege no more than constructive knowledge, or that the defendant should have known of the alleged slick and dangerous condition, and in order to set forth a cause of action the petition must allege facts or circumstances sufficient to make it a question of fact as to whether the alleged dangerous condition had existed for a sufficient length of time so that knowledge would be imputed to the defendant. See *Setzers Super Stores of Ga. v. Higgins,* ante; *Cook v. Kroger Baking &c. Co.,* 65 Ga. App. 141 (15 SE2d 531) ; *Jones v. West End Theatre Co.,* 94 Ga. App. 299 (94 SE2d 135).

The petition alleged that on August 15, 1958, the defendant occupied the building and carried on its business there, and on such date maintained the air conditioner, and operated the same on such date, that it knew that pedestrians used the alley during each day of August 1958, and that it should have known of the dangerous condition existing on August 15, 1958. The petition is barren of any allegation that the defendant occupied the building prior to August 15, 1958, or that the air conditioner was in operation prior to August 15, 1958 (the date on which the plaintiff was allegedly injured), and under the above cited cases the judgment overruling the defendant's general demurrer must be reversed because no facts or other circumstances appear that would authorize a finding that the defendant had sufficient notice of the facts to impute knowledge of the alleged condition to it so that such condition should have been corrected.

*Judgment reversed. Carlisle, P. J., concurs. Eberhardt, J., concurs specially.*

EBERHARDT, Judge, concurring specially. I concur in all that is said in the foregoing opinion, but feel that it should be added

that the overruling of the general demurrer was error for the further reason that all of the allegations of the petition, when considered together, do not show a lack of ordinary care on the part of the defendant, and thus fail to allege any actionable negligence. Water running along a street or sidewalk is not per se a dangerous thing. If such were held to be so, then every owner of property would be exposed to an unusual hazard every time it rains. It appears from the allegations of the petition that the presence of water on the sidewalk was apparent to plaintiff before he stepped into it. It is alleged that the water was clear, and that the presence therein of foreign matter was not discernible by the natural eye. If not discernible to plaintiff, then it was likewise not discernible to defendant. Nor would the fact that it came from the roof of defendant's building, of metal construction with some tar preparation in places, indicate that there was or might be any dangerous substance in the water. Such materials are generally and frequently used in the roof of buildings. To hold that defendant here was under a duty to make some analysis or microscopic examination of the water to ascertain whether there was any foreign substance therein that would cause it to render the sidewalk slippery would be to exact of the owner a degree of care much higher than that which the law requires. *Conaway v. McCrory Stores Corp.*, 82 Ga. App. 97, 101 (60 SE2d 631).