### 39349. HOME FEDERAL SAVINGS & LOAN ASSOCIATION v. HULSEY.

FRANKUM, Judge. Jack C. Hulsey, hereinafter referred to as the plaintiff, brought an action against Home Federal Savings & Loan Association, hereinafter referred to as the defendant, for damages resulting from injuries he sustained when he slipped and fell in an alley adjacent to defendant's place of business. The fall was alleged to have been caused by a slippery substance impregnated in water used in an air-conditioning unit located on the top of the defendant's building, and which flowed through a gutter and was discharged upon the pavement where the plaintiff fell. This case first appeared before this court in *Home Fed. Savings &c. Assn. v. Hulsey,* 104 Ga. App. 123 (121 SE2d 311), where a detailed statement of the case may be found. This court previously held that plaintiff's petition was subject to a general demurrer, but before the judgment of this court was made the judgment of the trial court, the plaintiff tendered an amendment to his petition which was allowed. The defendant filed a general demurrer to the petition, as amended, which demurrer was overruled. The defendant assigns this ruling as error in its bill of exceptions. *Held:*

In the instant case the duty imposed upon the defendant under the facts alleged in the petition was that of ordinary care. *Code* § 105-401 provides: "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe."

Of course, in construing the petition, "It is an elementary rule

of construction, as applied to a pleading, that it is to be construed most strongly against the pleader; and that if an inference unfavorable to the right of a party claiming a right under such a pleading may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties." *Krueger v. MacDougald,* 148 Ga. 429 (1) (96 SE 867).

Applying the above principles of law to the plaintiff's petition, as amended, we are of the opinion that the petition is subject to the general demurrer. The plaintiff's petition alleges that the slippery substance which impregnated or was contained in the water coming from the defendant's roof and flowing across the alleyway was "not discernable by observation and the exercise of ordinary care under the circumstances." The allegation, in effect, states that no one in the exercise of ordinary care could have discovered the substance in the water which allegedly caused the plaintiff's fall. In other words, neither the plaintiff nor the defendant could have discovered the substance in the water by the exercise of ordinary care, and there was no duty on the defendant to make an analysis of the water unless there was something to place him on notice of the dangerous condition.

Accordingly, if the defendant, in the exercise of ordinary care, could not have discovered the condition that proximately caused the plaintiff's injury, it breached no duty of care owed to the plaintiff. See *Conaway v. McCrory Stores Corp.,* 82 Ga. App. 97 (60 SE2d 631).

The petition, as amended, was subject to the defendant's general demurrer, and the court erred in overruling the demurrer.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*

DECIDED JUNE, 18, 1962.

*Kenyon, Kenyon & Gunter,* for plaintiff in error.
*Wheeler, Robinson & Thompson, Emory F. Robinson,* contra.