## 47087. NATHAN v. OAKLAND PARK SUPERMARKET, INC.

DEEN, Judge. 1. For a statement of the salient facts of this case see *Nathan v. Oakland Park Supermarket,* 123 Ga. App. 591 (181 SE2d 878) where the grant of summary judgment for the defendant was reversed. On the trial the evidence supported the plaintiff's position that as she was exiting from a supermarket she fell and injured herself, that immediately thereafter one of the defendant's employees removed a candy wrapper from her foot and stated that he had seen it lying there previously and had intended to pick it up but had forgotten to do so. Evidence that the part of the sidewalk where the plaintiff fell was immediately outside the doorway and under the overhang of the defendant's room was sufficient to authorize but not to demand an inference that it was on the premises of the defendant. The trial court did not err in denying the plaintiff's motion for directed verdict.

2. "[A] proprietor is not an insurer of the invitee's safety and when he employs ordinary prudence in keeping the premises reasonably safe he has done what the law requires of him. He is not obliged to remedy a condition or slight defect in the premises, unless it could be foreseen, by the exercise of ordinary care, that such condition or defect might in the usual course of events cause injury to the invitee or damage to his property. *Tinley v. F. W. Woolworth Co.*, 70 Ga. App. 390 (28 SE2d 322); *Southern Mills, Inc. v. Newton*, 91 Ga. App. 738, 740 (87 SE2d 109); *Pfeifer v. Yellow Cab Co.*, 88 Ga. App. 221, 226 (76 SE2d 225)." *Misenhamer v. Pharr*, 99 Ga. App. 163, 167 (107 SE2d 875). The fifth and sixth enumerations of error complain of language substantially setting out the rule of law above quoted and show no error. However, the italicized portions of the following instructions were error: "I charge you that one is not guilty of negligence unless he knew or in the exercise of ordinary care should have known not only that a condition existed *but comprehended danger therefrom for without knowledge or comprehension of danger arising from a known condition, there could be no anticipation that injury would result therefrom.* Even if you find from a preponderance of the evidence that the defendant knew or should have known that the candy kisses wrapper was in fact on the defendant's premises, *you would not be authorized to return a verdict for the plaintiff unless you further find from a preponderance of the evidence that the defendant had knowledge of or comprehended danger from the existence of* the candy kisses wrapper." The true issue is whether the defendant *in the exercise of ordinary care* should have comprehended the danger in the condition causing the plaintiff's injury. *Home Federal Sav. &c. Assn. v. Hulsey*, 106 Ga. App. 171 (126 SE2d 541): "Before an owner can be held liable for the slippery condition of his floors, produced by the presence of a foreign substance thereon, it is necessary that the proof should show that he was aware of the substance or would have known of

its presence had he exercised reasonable care." *Conaway v. McCrory Stores Corp.,* 82 Ga. App. 97, 101 (60 SE2d 631). The charge as given instructed the jury that for the plaintiff to recover they must find as a matter of fact that the defendant comprehended that a slick candy wrapper would be dangerous to pedestrian traffic around the doorway. The question is not what the defendant in fact comprehended but what should have *in the exercise of ordinary care* been comprehended (anticipated) as a danger to be guarded against. By this charge the court substituted for the duty to exercise ordinary care (that degree of care in comprehending the danger of a defect which an ordinarily prudent person would exercise) the question of whether the defendant did in fact comprehend that such a defect would be dangerous. This was error requiring reversal.

3. We agree with the appellant, without considering whether its omission was error, that it is better practice in such cases for the trial court to charge succinctly the duty resting upon the defendant toward its invitees in the economical language of *Code* § 105-401. We do not consider the 12th enumeration of error relating to loss of earnings, since this relates to damages only and the verdict was in favor of the defendant. The remaining objections to the charge show no reversible error.

*Judgment reversed. Clark, J., concurs. Eberhardt, P. J., concurs in the judgment only.*

Argued April 6, 1972—Decided June 20, 1972.

*L. B. Kent, Louis H. Mitchell,* for appellant.

*Swift, Page & Chapman, William G. Scrantom, Jr., John T. Laney, III,* for appellee.