## 50566. MORGAN v. SIEGAL et al.

PANNELL, Presiding Judge.

Appellant brought an action, as a real estate broker, to recover commission and alleging conspiracy to deprive her of said commission. Appellees made a motion for summary judgment, and the trial court granted the motion. Appellant alleges error in the granting of summary judgment as to each of the appellees. *Held:*

1. Appellant alleged that appellee Siegal, acting on behalf of the owners of a large tract of property, listed the property with her and agreed to sell same for $25,000 per acre and to pay her 10% of the selling price as commission. The total selling price was to be $5,056,225. Appellant alleges she contacted appellee, David Pendley, who agreed to pay the price set by Siegal. When appellant told Siegal that the Pendleys were ready to pay $25,000 per acre, Siegal said he didn't want cash; he wanted a trade. Approximately 10 months later the appellee buyers and sellers entered into an agreement to exchange the subject property for property valued at $2,969,160. A $50,000 commission was paid to another real estate broker.

Appellant testified on deposition that Siegal had authorized her to sell the property for $25,000 an acre. She further testified, "He didn't say anything about price except that he thought it was worth twenty-seven at first, and he agreed that if someone were to buy it all he'd consider $25,000 an acre; and that's what I established the listing at. And so did he." In considering depositions and affidavits in support of or in opposition to motions for summary judgment, the facts contained therein, and not

the conclusions stated, determine whether a genuine issue of fact exists. *Varnadoe v. State Farm Mut. Auto. Ins. Co.,* 112 Ga. App. 366 (145 SE2d 104); *Matthews v. Wilson,* 119 Ga. App. 708 (168 SE2d 864). Although appellant concluded she was authorized to sell the property at $25,000 an acre, her uncontradicted testimony as to the facts indicates that appellee Siegal only said he would "consider" an offer of $25,000. "The real-estate broker's commissions are not earned until his principal, the owner makes an *unconditional offer* to sell and it is accepted by a purchaser found by him." (Emphasis supplied.) *Birchmore v. Upchurch,* 78 Ga. App. 233 (50 SE2d 857).

Appellant's own testimony establishes appellee Siegal did not make an unconditional offer to sell; he was inviting an offer for consideration. An essential element for recovery of commission is missing; therefore, defendants were entitled to summary judgment as to appellant's action to recover this commission.

2. Where the petition shows that no commissions are due a broker upon a sale of property, a claimed conspiracy to defraud the broker of a commission based on the sale does not state a claim. *Nat. City Bank of Rome v. Graham,* 105 Ga. App. 498 (125 SE2d 223). There being no commission owing appellant, appellees were entitled to summary judgment as to the charge of conspiring to deprive her of her commission.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

SUBMITTED MAY 7, 1975 — DECIDED SEPTEMBER 2, 1975.

*Stanley H. Nylen,* for appellant.
*Arnall, Golden & Gregory, Cleburne E. Gregory, Jr., H. Fred Gober, Johnston & McCarter, John McCarter,* for appellees.