### 52101. RANCK & KEEFE, INC. v. FIRST RICHMOND CORPORATION et al.

WEBB, Judge.

This is an appeal from a summary judgment dismissing with prejudice a suit for a real estate broker's commission. The facts, briefly stated, are as follows.

In late 1972 William A. Rooker, Jr., as president of First Richmond Corporation, discussed with William Ranck, a real estate broker, the possibility of selling the Richmond Hotel in Augusta, a property owned by the corporation. Ranck acquired an exclusive option to sell the hotel for $1,050,000 with a $50,000 broker's commission if the sale was consummated before March 31, 1973, when the option expired. Ranck was unsuccessful in selling the hotel and the option expired.

On May 18, Ranck was informed that R. Eugene Holley might be interested in purchasing the hotel. He received permission from Rooker to follow up on the possible sale on a non-exclusive basis "on the same terms as what we had originally done," except for an increase in the price to cover an undetermined amount of operating losses estimated at between $25,000 and $50,000 for a total price of between $1,075,000 and $1,100,000. Holley wanted to acquire the property on behalf of the Southern Finance Building Partnership in order to obtain additional parking spaces for the Southern Finance Building. His interest was contingent on dissolving a lease on the parking lot of the hotel held by a North Carolina tenant, but this was not accomplished. In late July Ranck[1] offered Holley a purchase contract for

---

[1]At this time Ranck & Keefe, Inc. had been formed, but there is no reference in the depositions and affidavits to Ranck & Keefe, Inc. as the broker. Thus there is some question as to whether Ranck & Keefe, Inc. was the proper

$1,000,000, which Holley refused to sign, and on August 13, Holley told Ranck he had no further interest in the hotel. Holley ended his conversation with Ranck by stating: "I don't want to talk about it any more."

In the meantime First Richmond Corporation had listed the hotel exclusively with J. L. Todd Public Auction Company. Glenn R. Hester saw an announcement in the Augusta newspaper about the public auction of the hotel and became interested in the possible purchase of it. Acting on behalf of the Sanders, Hester, Holley Hotel Partnership he talked to Holley and confirmed that the Southern Finance Building Partnership had "dropped their interest" in acquiring the hotel. Hester thereupon contacted Rooker and his negotiations on behalf of the Sanders, Hester, Holley Hotel Partnership culminated in a sales contract closed on September 7 to purchase the hotel for $1,168,000. A broker's commission of $50,000 was paid to the J. L. Todd Auction Company and Ranck & Keefe, Inc. brought this suit against First Richmond and Rooker, and against Holley, Hester and the other partners doing business as the Sanders, Hester, Holley Hotel Partnership.

We affirm the grant of summary judgment. Clearly Ranck is not entitled to a commission because he never produced a purchaser ready, willing and able to buy according to the terms stipulated by the owner, and his acts were not the procuring cause of the sale. Code § 4-213; *Parrish v. Ragsdale Realty Co.,* 135 Ga. App. 491 (218 SE2d 164); *Ideal Realty Co. v. Storch,* 124 Ga. App. 271 (183 SE2d 520); *Fields Realty & Ins. Co. v. Smith,* 123 Ga. App. 342 (180 SE2d 909).

"Where the petition shows that no commissions are due a broker upon a sale of property, a claimed conspiracy to defraud the broker of a commission based on the sale does not state a claim. *Nat. City Bank of Rome v. Graham,* 105 Ga. App. 498 (125 SE2d 223). There being no commission owing appellant, appellees were entitled to summary judgment as to the charge of conspiring to deprive [him] of [his] commission." *Morgan v. Siegal,* 135

---

plaintiff or if the cause of action was in William Ranck individually.

Ga. App. 559, 560 (218 SE2d 280).
*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

ARGUED APRIL 13, 1976 — DECIDED MAY 6, 1976.

*Ken Doss,* for appellant.
*King & Spalding, A. Felton Jenkins, Jr., William H. Izlar, Jr., J. Carlisle Overstreet, Troutman, Sanders, Lockerman & Ashmore, Andrew J. Hinton, John J. Dalton,* for appellees.