53724. DORSEY-ALSTON COMPANY v. BOHN et al.

WEBB, Judge.

Dorsey-Alston Company, a real estate brokerage firm, filed suit against E. William Bohn to recover its commission under a brokerage contract on the sale of property located on King Road in Atlanta. Bohn filed a third-party complaint against Calvin B. Andringa as the ultimate purchaser of the property. Based on affidavits and depositions of these parties the court ruled on Bohn's motion for summary judgment that the evidence demanded a finding that no contractual agreement existed between Dorsey-Alston and Bohn at the time Bohn sold the King Road property; that Dorsey-Alston did

not and could not show the house at the time it was sold; and that it therefore was not entitled to recover a commission. We agree.

Even construing the evidence most favorably, as we must, towards the party opposing the motion for summary judgment and giving it the benefit of all favorable inferences (*Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866) (1971); *Smith v. Sandersville Production Credit Assn.,* 229 Ga. 65, 66 (189 SE2d 432) (1972)), the undisputed facts show that Dorsey-Alston performed no services in connection with the sale of the King Road property and " 'it is manifest throughout all of the cases that the gist of an action by a broker to recover commissions is the showing that the plaintiff-broker was the procuring or efficient cause of the sale.' [Cits.]" *Fields Realty &c. Co. v. Smith,* 123 Ga. App. 342, 344 (180 SE2d 909) (1971). A review of the pertinent facts here reveals the following.

Bohn owned a residence on Tuxedo Road and had signed a purchase contract on one on King Road. In May of 1974 he entered into a written exclusive listing contract with Dorsey-Alston for the sale of the Tuxedo Road property whereby Dorsey-Alston was to receive a commission if it procured a sale of this property. No written agreement was ever entered into involving the sale of the King Road property. During June and July of 1974 Mr. and Mrs. Andringa, who were moving to Atlanta, began looking for a suitable residence and contacted Dorsey-Alston, but they had no arrangement or exclusive undertaking. Mr. Andringa testified that he and his wife examined "close to 100 residences" in a four-month period but that less than half of them were shown by any agent of Dorsey-Alston.

In July of 1974 Bohn's Tuxedo Road property, which the Andringas had looked at, had still not sold and Bohn requested Mimi Cook, the Dorsey-Alston agent who had worked with him, to contact Mary Campbell, a Dorsey-Alston agent who had shown a number of homes to the Andringas, to determine if the Andringas might be interested in his King Road property. Although Bohn made this request three times, Ms. Campbell never responded.

Andringa testified that no one at Dorsey-Alston ever showed the King Road property to him or even mentioned it to him; that he was introduced to Bohn by an interior decorator who knew Mrs. Bohn, without the aid or assistance of anyone at Dorsey-Alston; that the house was shown to him by the Bohns; that he "induced him [Bohn] to sell me the home, and I went to him and tried to buy the home from him"; and that on July 18 he and Bohn met to discuss a price.

On July 23 Bohn informed Mimi Cook that Dorsey-Alston could have an exclusive listing on the King Road property beginning on July 23, subject to any sale of the property by him to Andringa. On July 29 Andringa signed a purchase contract for the King Road property. No one from Dorsey-Alston represented him in any negotiations concerning the purchase or was present at the closing. Mimi Cook, who is seeking the commission on behalf of Dorsey-Alston, contends that her conversations with Bohn, when he requested that Andringa be shown the King Road property, and his statement to her that he knew the Andringas were Mary Campbell's and Dorsey-Alston's customers, raise fact questions as to whether a commission is due. However, she admits that she never met Andringa, and when asked what services Dorsey-Alston or its agents had in fact performed, she testified only that she "would be happy to show it as soon as it was closed," (because the bank would not allow her access to the house before Bohn closed the sale.) Roy Dorsey, the managing agent, testified that he did not deem the King Road property to be subject to listing by Dorsey-Alston until July 24.

These facts conclusively establish that Dorsey-Alston performed no services and was not the procuring cause of the sale so as to be entitled to the commission arising therefrom. *Parrish v. Ragsdale Realty Co.*, 135 Ga. App. 491, 493 (3) (218 SE2d 164) (1975); *Ranck & Keefe, Inc. v. First Richmond Corp.*, 138 Ga. App. 542 (226 SE2d 795) (1976). The most favorable construction that can be placed on its assertions is that it expected to get an exclusive listing agreement on the King Road property as of July 24, 1974.

"The fact that property is placed in the hands of a

broker to sell shall not prevent the owner from selling, unless otherwise agreed. The broker's commissions are earned when, *during the agency,* he finds a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner." Code § 4-213. (Emphasis supplied.) See also *Pate v. Scott Real Estate Co.,* 132 Ga. App. 49 (3) (207 SE2d 567) (1974). "Of course, it is fundamental that some arrangement or agency would have to exist between the parties before a real-estate broker could collect a commission from a property owner for the sale of his property; and even where there has been such agency or contract between the parties, the sale must be made during the existence of the agency in order to authorize the broker to collect a commission." *Galloway v. McKinley,* 73 Ga. App. 381, 384 (36 SE2d 485) (1945). See also *Woodall v. McEachern,* 113 Ga. App. 213 (147 SE2d 659) (1966).

The trial court did not err in granting Bohn's motion for summary judgment.

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

ARGUED APRIL 6, 1977 — DECIDED APRIL 12, 1977.

*Kidd, Pickens & Tate, F. Carter Tate,* for appellant.
*Moffett, Henderson & Bishop, John Walton Henderson, Jr., King & Spalding, Joseph B. Haynes, H. Lamar Mixson, Jr.,* for appellees.